## N. B. HAYNES
### v.
## MARY J. MASON.

*Statute of Frauds—Master and Servant—Guaranty.*

A contract of hiring which, by its terms, is not to be performed within one year from the making thereof, is within the statute of frauds.

[Opinion filed January 16, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This action was brought to recover against appellant for a balance of salary claimed to be due to appellee under a contract of employment for the period of one year.

The testimony of appellee as to the terms of the hiring is as follows:

Q. Please state to the court, Mrs. Mason, on what day of the month this contract was made?

A. Thursday, the 26th of March, 1885.

Q. When did you begin work?

A. I began work on Monday.

R. When were you to begin by the terms of the contract?

A. I was to begin the Monday following.

Q. And how long to work?

A. A year from my engagement.

Q. From what day, the Monday following?

A. No, the 26th of March; I asked Mrs. Haynes: "Will Monday suit you for me to come to work?" "Yes, certainly, Mrs. Mason."

Q. You made the contract on the 26th of March, and you were to work a year; is that right?

A. Yes, sir; that was the arrangement.

Q. You were to work a year, were you?

A. Yes, sir.

Q. And you were to begin work on the following Monday—is that right?

A. The following Monday.

Q. Let me understand you, so as to have no misunderstanding about that; were you to do a year's work for them?

A. A year's work; the same as the previous year.

Q. And to begin on Monday after the contract, which was made on Thursday?

A. I asked Mrs. Haynes particularly about that. "Will Monday do for me to commence work?" "Yes, Mrs. Mason."

The book-keeper of Haynes testified that appellee told him after she commenced work that she was to be paid at the rate of $25 per week for 44 weeks, commencing March 30th, and $20 per week for eight weeks.

Appellee failed in business on November 7, 1885, and was unable to furnish appellee employment after that time. At the time of the failure there was owing to appellee $250 for salary up to that time, and on the trial there was some contention as to whether she was to be charged with certain accounts of customers which it was claimed by appellant she had agreed to guarantee. The court found that appellee was entitled to her full salary to the end of the year, and rendered judgment accordingly.

Messrs. CRATTY BROS. & ASHCRAFT, for appellant.

The contract sued on was not to be performed within one year from the time it was made, and is void by the statute of frauds. Sec. 1, Chap. 59, S. & C. St. p. 1187; Wheeler

Haynes v. Mason.

v. Frankenthal & Bros., 78 Ill. 124; Butcher Steel Works v. Atkinson, 68 Ill. 421; Warner v. Hale, 65 Ill. 395; Fleming v. Carter, 70 Ill. 286.

The agreement by which appellee should be responsible for goods sold on credit without authority of appellant is not within the statute of frauds, and is a valid contract, and appellant's third holding should not have been refused.  King v. Edmiston, 88 Ill. 267; Hurtley v. Varner, 88 Ill. 561; Nelson v. Ravens, 3 Ill. App. 565; Watkins v. Sands, 4 Ill. App. 207; Williams v. Corbet, 28 Ill. 262; Wilson v. Bevans, 58 Ill. 232; Darst v. Bates, 95 Ill. 493.

Mr. ELBRIDGE HANECY, for appellee.

MORAN, J.   From the evidence set out in the statement of facts, which is all the evidence contained in the record on the subject, we think it very clear that the contract of appellee was one entered into on March 26, 1885, to work for appellant for one year, the year to commence on Monday, March 30, 1885.

The contract, by its terms, was not to be performed within the space of one year from the making thereof, and, not being in writing, it is within the first section of the statute of frauds. Butcher Steel Works v. Atkinson, 68 Ill. 421; Curtis v. Sage, 35 Ill. 22.

We think the court was correct in refusing to charge appellee with the accounts claimed by appellant against her on the alleged guaranty, but for the error in allowing to her the salary for the balance of the year which would have been justly hers if her contract had been one valid in law, the judgment must be reversed and the case remanded.

*Reversed and remanded.*