# Alexis Stoneware Manufacturing Co. v. Joseph P. Young.

1. CONTRACTS—*Construction of.*—In a contract made with a corporation for service, it was provided that should the work of the employe prove not satisfactory to the officers of the company, they should have the right to discharge him after giving five days notice. In construing the contract *it was held* that the company had an unqualified right to discharge the employe, if in good faith its officers were dissatisfied with his work, and it was error to instruct the jury that he could not be legally discharged unless the officers not only acted in good faith but in a reasonable and not in an arbitrary manner, as it in effect told the jury that the officers must have good grounds for dissatisfaction.

2. SAME—*Instruction—Duty of the Court.*—It is the duty of the court and not the jury, to determine the legal effect of a contract.

3. TENDER—*Of Performance—Notice by Discharged Employe.*—Actual notice by an employe discharged before the expiration of his term of employment to his employer that he is ready and willing to perform the contract, and an offer to perform, is not necessary in all cases.

4. CONDONATION—*Does Not Apply to Causes of Dissatisfaction—Contracts for Services.*—Under a contract providing for the discharge of an employe if his work proves not satisfactory, it is error to instruct the jury that if he was continued in the employment after his employer became dissatisfied with his work, the acts causing the dissatisfaction would be condoned, and the employer could not for that reason lawfully discharge the employe.

Assumpsit, on the contract in writing. Appeal from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1894. Reversed and remanded. Opinion filed May 28, 1895.

*Plaintiff's first, third and fifth instructions, held erroneous:*

1. The court instructs the jury that if you believe from the evidence in this case that it was the intention of the parties to the contract between the Alexis Stoneware Manufacturing Company and Joseph P. Young, that the work performed by said Joseph P. Young under the direction of the officers of said company should be satisfactory to the company, then the company could not arbitrarily discharge the plaintiff from its services, but must do so in good faith, and the burden of proof to show that he was discharged in good faith for the reason that his work in the line of his employment was not satisfactory to the officers of the defendant company.

3. The jury are further instructed that under a contract which gives

either party the right to exercise his judgment as to whether the other party is giving satisfaction or not, and before an employer would be allowed to discharge an employe under such contract he must show that he acted in good faith and in a reasonable and not in an arbitrary manner, before he can invoke or exercise this provision of the contract.

5. The court instructs the jury that condonation is the forgiveness on the part of the party complaining of the act complained of, and may be implied from the acts of the parties, and if the jury from the evidence in this case believe that the plaintiff performed his work at any time in a manner that was not satisfactory to them, yet if they believe from the evidence and circumstances in proof in this case that the plaintiff was continued in the defendant's employ after knowledge of such acts with which the defendant was dissatisfied, then the acts complained of were condoned, and the defendant company could not for this reason discharge the plaintiff.

*Defendant's third refused instruction:*

3. The law presumes that all men are fair and honest—that their dealings are in good faith and without intention to wrong or defraud others; when a transaction called in question is equally capable of two constructions, one that it is fair and honest and in good faith, and one that it was dishonest and in bad faith—then the law is that the fair and honest construction must prevail, and the transaction called in question must be presumed to be fair and honest and done in good faith.

KIRKPATRICK & ALEXANDER, attorneys for appellant.

J. A. McKENZIE and MARSH & ROBINSON, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee to recover damages for the violation of a contract between himself and appellant, as follows: " This memorandum of agreement, made and concluded this 9th day of September, A. D. 1892, between the Alexis Stoneware Manufacturing Co., of Alexis, Illinois, party of the first part, and Joseph P. Young, of Monmouth, Illinois, party of the second part, witnesseth that the party of the first part hereby agrees to employ party of the second part for the space of one year at a monthly salary of $100 per month to work for party of the first part under direction of its officers at such labors as may be required by them in the erection of necessary buildings at Alexis, Illinois, and

the preparation of a plant for a pottery (and party of the second part hereby agrees that should his work prove not satisfactory to the officers of the said company that they are to have the right to discharge him after giving five days notice, after which notice this agreement shall be void and of no effect). It is also mutually agreed and understood between the parties to this agreement that the time of the party of the second part is to commence as soon as necessary material is on the ground for the erection of buildings."

Appellee commenced to work under this contract on the 26th day of September, 1892, and on the 20th day of May, 1893, was notified that on the expiration of five days his services would be dispensed with. On the 26th day of May, 1893, he was paid in full up to that date and thereafter did not work for the company. The pottery works shut down May 26, 1893, and remained closed during the entire portion of the contract year.

It is for this unexpired term the appellee brought to recover for the wages he would have earned had he not been discharged. The case was tried before a jury and recovery had by the appellee for the sum of $400, upon which judgment was rendered by the court. It is insisted by the appellant that the recovery was contrary to the evidence in the case, and the court erred in giving erroneous instructions for the appellee and in refusing proper ones offered by the appellant.

The main point in controversy on the evidence was whether the appellee was in reality discharged because the appellant and its officers were not satisfied with his work. The main contention on the trial was, whether the appellee was discharged on account of unsatisfactory work or because the appellant intended to close down the pottery works. It will not be necessary for us to examine the evidence on that point in detail; suffice it to say, there was evidence tending to support each side of the contention. We will confine ourselves, then, to a consideration of the errors assigned on the instructions.

It is not seriously controverted by counsel for appellee but that there need be no real cause for the discharge of the

appellee aside from the fact that appellant's officers were dis-satisfied with him and his work, and that in case of his discharge such dissatisfaction must be in good faith, and that appellee could not be discharged merely because the appellant desired to shut down the pottery works and dispense with his services.

The appellant complains of the giving of the first, second, third, fourth and fifth of appellee's instructions: We have examined the instructions with care, and think that the first, third and fifth are erroneous, but that the second and the fourth are not erroneous. Without reciting the instructions in full we will content ourselves by pointing out the erroneous portions of the instructions. Instruction No. 1 was erroneous by leaving it to the jury to determine the intentions of the parties to the contract, as to whether appellee's work should be satisfactory to the company, and if the jury did so determine then the instruction proceeds, the company could not arbitrarily discharge the appellee from its services, but must do so in good faith, for the reason that his work in the line of his employment was not satisfactory to the officers of the company. The contract was in writing, and it was the duty of the court and not the jury to determine its legal effect. This, of itself, might not be of sufficient importance to cause reversal of the judgment, nevertheless it would have a tendency to mislead the jury. The error in the third instruction is more serious. The court in that instruction told the jury that the appellant could not legally discharge the appellee under the contract unless it showed that it not only acted in good faith but in a reasonable and not in an arbitrary manner. We think under the contract the appellant had an unqualified right to discharge appellee if in good faith the officers of the company were dissatisfied with his work. This dissatisfaction need not be grounded in reason. It might be unreasonable that the officers of the appellant were dissatisfied with appellee's work, and therefore according to the instructions the latter could not have been discharged, unless the dissatisfaction was founded in reason; in other words, that the officers had good grounds for dissatisfaction. This was not the contract; the officers

of the company had the right to discharge the appellee, if they were in good faith dissatisfied with his work.

Again, the jury might understand from the instructions that it would be arbitrary to discharge him when there were no good grounds for it other than the feeling of dissatisfaction on the part of appellant's officers; therefore we think the third instruction was erroneous. The fifth instruction was erroneous from the fact it told the jury that if from the evidence it believed that the appellee was continued in the employment of the appellant after its officers became dissatisfied with his work, then the acts complained of in causing the dissatisfaction would be condoned and the defendant company could not for this reason discharge the plaintiff. We think the doctrine of condonation as attempted to be applied here has no place under the contract. Appellant's officers might be dissatisfied and conclude not to act upon their dissatisfaction and overlook it for a time, yet whenever they saw proper to act upon it they could do so without any new cause arising from the dissatisfaction. There are no equities on the appellee's part that would entitle him to insist that the appellant should discharge him immediately on the arriving of the dissatisfaction in the officer's minds on pain of waiving the right. The officers could act at will on such dissatisfaction; postpone action or not act upon it at all. We see no fault to find with instruction No. 2, nor with No. 4. So far as the refusing of the court to give appellant's refused instructions, Nos. 1, 2, 4 and 5, we see no error. These instructions were given for appellant in others already given. An actual notice on the part of appellee that he was ready and willing to perform and offered to perform the contract after discharge would not in all cases be necessary. We think that the third refused instruction should be given. It was proper for the jury to understand that good faith of appellant's officers would be presumed unless the contrary appeared from the evidence.

For the errors above noted the judgment of the court below is reversed and the cause remanded.