# William H. Chadwick, Plaintiff in Error, v. Morris & Company, Defendant in Error.

## Gen. No. 16,853.

1. INSTRUCTIONS—*when peremptory should not be given.* A peremptory instruction should not be given where there is any evidence which, with all reasonable inferences and intendments to be drawn therefrom, fairly tends to prove the plaintiff's case.

2. CONTRACTS—*what does not establish contract of employment for definite period.* "I told him that the least I would go for was fifteen hundred a year and he said 'all right,'" does not establish a hiring for a year.

3. STATUTE OF FRAUDS—*when contract within.* A contract of employment not to be fully performed within a year is within the Statute of Frauds.

Error to the Municipal Court of Chicago; the HON. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

WILLIAM H. CHADWICK, plaintiff in error, *pro se;* CHARLES S. KNUDSON of counsel.

WEST & ECKHART, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the municipal court against William H. Chadwick, plaintiff in error, who sued Morris & Company, defendant in error, to recover the balance of a yearly salary of $1,500. The plaintiff claimed that he had been discharged by the defendant without fault on his part. The trial court instructed the jury for the defendant, and entered judgment on the verdict.

We recognize the law to be as contended by plaintiff that a peremptory instruction should not be given where there is any evidence, which, with all reasonable inferences and intendments to be drawn from it,

fairly tends to prove plaintiff's case. (Libby, McNeill & Libby v. Cook, 222 Ill. 206; Clark v. C. R. I. & P. R. R., 231 *id.* 549; Waschow v. Kelly Coal Co., 245 *id.* 516.) But the difficulty with plaintiff's case is that in our opinion the evidence of the plaintiff does not tend to prove a yearly employment. We do not think plaintiff's testimony tends to prove a definite hiring for a year at $1,500 or that the contract was so understood by both parties. The plaintiff testified: "I told him (Borders) that the least I would go for was fifteen hundred a year; and he said 'all right'." This can in no way be construed into a definite hiring for one year. (Bunnel v. Rosenberg, 126 Ill. App. 196; Pfund v. Zimmermann, 29 Ill. 269.) The evidence shows that the minds of the parties met only as to the amount or rate of compensation.

The term of employment was at will, and if the defendant was in good faith dissatisfied with the plaintiff and his work it had the right to discharge the plaintiff even though its dissatisfaction was not founded in reason. (Alexis Stoneware Mfg. Co. v. Young, 59 Ill. App. 226; Gray v. Wulff, 68 *id.* 376; Griffin v. Domas, 22 *id.* 203.)

If the testimony can be considered as showing a meeting of the minds of the parties on the question of a yearly employment and that the contract was one to employ the plaintiff for a certain definite time, the proof carries the contract within the statute of frauds. The conversation occurred on September second. The plaintiff told Borders that he would like to have ten days to close up his work, meaning his legal practice. Plaintiff was placed on the pay-roll September 8th when he began his services. No written contract or memorandum was shown. This brings the contract within the statute. (Haynes v. Mason, 30 Ill. App. 85.)

The judgment is without error and is affirmed.

*Affirmed.*