George Hoey, Defendant in Error, v. Alcazar Amusement Company, Plaintiff in Error.

Gen. No. 21,055.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed January 11, 1916. Rehearing denied January 25, 1916.

## Statement of the Case.

Action by George Hoey, plaintiff, against Alcazar Amusement Company, defendant, to recover money under a written contract for a theatrical performance given, and damages for refusal of defendant to permit plaintiff to perform for the balance of the time stipulated in the contract. From a judgment for plaintiff, defendant appeals.

The contract began with a recital that it was an agreement between said company and "In Old New York (Geo. Hoey, Mgr.)," to be designated thereafter in the contract as manager and artist respectively. By its terms the manager engaged the artist "in his specialty or act" for a period of one week commencing July 6th, at the price of three hundred and fifty dollars.

Defendant urged that it was not a contract between the parties because Hoey was not referred to as a party in the body thereof. The contract was signed by each of the parties and the evidence tended to show that the term "In Old New York (Geo. Hoey, Mgr.)," was a name used by Hoey to designate his company of performers composed of himself and his employees, and that defendant knew it was dealing with Hoey personally and no one else.

The court refused to permit defendant to prove whether or not one Jacobs employed by the booking

agency that negotiated the contract between Hoey and said company reported to the latter a conversation he had with Hoey.

The court also excluded a letter from said booking agency to the defendant purporting to accept for Hoey defendant's cancellation of the contract. There was no proof that it had any authority so to do, nor evidence justifying the cancellation.

A clause in the contract that a failure on the part of either party to perform "such week" should not be deemed a violation of its terms by either party. In framing the contract the parties used a printed form of the booking agency designed to cover various situations.

Frank P. Leffingwell, for plaintiff in error.

Adolph Marks, for defendant in error.

Mr. Justice Barnes delivered the opinion of the court.

## Abstract of the Decision.

1. Contracts, § 385*—*when evidence sufficient to establish contract.* In an action by a theatrical performer against a theatrical company to recover money under a written contract for a performance given, and damages for refusal to permit plaintiff to perform for the balance of the stipulated period, evidence *held* sufficient to establish a contract.

2. Contracts, § 196*—*when printed words do not control.* An amusement company cannot escape liability upon a written contract with a theatrical performer for one week's service because of the fact that the contract provides that a failure on the part of either party to perform "such week" shall not be deemed a violation of its terms by either party, it appearing that the parties used a printed form designed to cover various situations, including those for a longer term than one week, and this clause referred to a situation where a contract was made for more than one week.

3. Contracts, § 377*—*when evidence of conversation properly excluded.* In an action by a theatrical performer against a theatrical

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

company to recover money under a written contract for a performance given, and damages for refusal to permit plaintiff to fulfil the contract, *held* that evidence to prove whether or not a certain person employed by the booking agency which negotiated the contract reported to defendant a conversation he had with plaintiff was properly excluded, as such conversation did not tend to show an admission by plaintiff or that he had abandoned the contract.

4. CONTRACTS, § 377*—*when letter by third person purporting to accept cancellation properly excluded.* In an action by a theatrical performer against a theatrical company to recover under a written contract for a performance given, and damages for refusal to permit plaintiff to fulfil the contract, *held* that a letter from a booking agency which negotiated the contract to the defendant purporting to accept for plaintiff defendant's cancellation of the contract was properly excluded, there being no proof that it had any authority to so do, nor evidence justifying the cancellation.