## H. B. Odell, Appellee, v. Chicago Great Western Railroad Company, Appellant.

### Gen. No. 24,045.

1. MASTER AND SERVANT, § 81*—*when burden of showing hiring by month not sustained.* The burden is on plaintiff, in an action by an employee to recover wages, to show by a preponderance of the evidence that his hiring was by the month where he contends that such was the case, and this burden is not sustained by showing that he was paid at a monthly rate.

2. MASTER AND SERVANT, § 14*—*when no hiring for fixed period.* Where there is no specification of any particular time of service agreed upon in a contract of hiring, there is no hiring for any fixed period.

Appeal from the Municipal Court of Chicago; the Hon. JOHN

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

F. HAAS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and judgment here. Opinion filed December 24, 1918.

WINSTON, STRAWN & SHAW, for appellant; RALPH M. SHAW and FRANK H. TOWNER, of counsel.

H. A. TIFFANY, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff, Odell, having been employed by the defendant, the Chicago Great Western Railroad Company, some time in February, 1913, in the freight claim department, and being discharged on August 24, 1917, brought suit claiming that as his wages were $110 a month, and as he worked for the defendant until August 24, 1917, when he was summarily discharged, without notice, there is due him $110 for the month beginning August 16, 1917, and ending September 16, 1917.

The evidence of the plaintiff is to the effect that he worked for the defendant for 4½ years; that he was hired by the month; that originally he was sent for and they said they would pay him $90 a month; that subsequently his wages were raised to $110 a month; that on August 24, 1917, he received a written notice from the defendant that his services would not be required after August 24, 1917; that he was paid $55 on August 14, 1917; that on August 24, 1917, he received a memorandum from the defendant which stated that he had been employed in the office as investigator "during the second period of August, as follows: 8½ days at $110.00...$30.16"; that his wages were paid in semimonthly instalments of $55 each; that he based the conclusion that he was hired by the month on the fact that he received $110 each month.

The defendant called two witnesses, G. H. Hunt, freight claim agent, and A. P. Harris, a claim inves-

tigator. The evidence of Hunt is to the effect that
he discharged the plaintiff for cause; that his work
showed that he was not giving the attention to it that
it should have received; that his work indicated "that
he was slipping, that he was not giving proper atten-
tion to his desk, as he should have done"; that after
he discovered he was "slipping" he moved him
from the desk which handled coal, sewer pipe and tile
to the "line desk" so as to get an opportunity to look
over his desk and see what conditions were; that he
had an investigation made of the desk that he was
removed from and "found the conditions to be some-
what deplorable"; that he gave instructions to one
Harris, a chief loss and damage investigator, to go
over Odell's desk; that one Cannon, the chief clerk,
told him that the desk showed general neglect, and
produced several claims showing "that they had not
been handled or anything done to them for 30 to 40
days, and even longer, claims that could have been
disposed of and were disposed of afterwards in a
short while"; that the condition was reported to him
on the morning of August 24, 1917; that he discharged
him that day. Hunt, in his testimony, also pointed
out specifically certain claims which had been neg-
lected and not properly attended to by the plaintiff.
The evidence of Hunt, who personally hired the plain-
tiff in February, 1913, is to the effect that he told the
plaintiff "to go to work." The witness Harris, the
claim investigator, who had general supervision of
the desks and handled the defective claims, is to the
effect that pursuant to instructions from Hunt, the
freight claim agent, about the 22nd of August, 1917,
he looked over the plaintiff's desk, examining the
claims, checking them up, etc.; that he "found it was
in a general neglected condition"; that he "found that
there were letters from claimants asking about claims
that had not been answered for 30 to 40 days, some
of them 50 days"; that "there was a lot of claims

there that should be attended to that would have enabled the payment of claims that had not been attended to''; that some of the claims were 3 and 4 months old and had not received any attention; that he reported the condition of the desk to one Cannon, the first assistant to Hunt. The evidence of the plaintiff in regard to the quality of his work is to the effect that the work came in so fast that he could not keep up with it and that he had complained to Harris that the desk was getting behind; that no complaint was ever made to him.

The defendant, on the theory that the plaintiff's employment might have expired on August 24, 1917, made a tender in the trial court of $30.16 as wages for 8½ days between August 15 and August 24, 1917. It was refused.

At the close of the evidence the defendant submitted three propositions of law, all of which were refused by the trial judge. They are as follows:

''First. The court holds as a matter of law that the hiring of plaintiff by defendant was for no specified time, and that, therefore, the hiring was at will and could be terminated by either plaintiff or defendant at the will of either.

''Second. The court holds as a matter of law that defendant was justified in discharging the plaintiff, and that, therefore, there can be no recovery in this case beyond the amount of the tender.

''Third. The court holds as a matter of law that the hiring in this case was a hiring at will, and that defendant could discharge plaintiff at any time, even though defendant's dissatisfaction was not founded in reason.''

The cause was tried without a jury and a judgment in the sum of $110 and costs was entered in favor of the plaintiff and against the appellee.

Two questions arise: (1) Was the plaintiff employed by the month, or by the day at the rate of $110? (2) Was he discharged for cause?

(1)    There is no evidence of the specific details of the hiring of the plaintiff, save (1) as it appears in the evidence of Hunt, who testified that he told the plaintiff to go to work, and (2) that after being hired the plaintiff's wages were at the rate of $90 a month and subsequently $110 a month. The $110 was paid to him in semimonthly instalments of $55 on the 1st and 15th of each month. In *Chadwick v. Morris & Co.,* 170 Ill. App. 569, this court said: ''The plaintiff testified: 'I told him (Borders) that the least I would go for was $1,500 a year; and he said "all right." ' This can in no way be construed into a definite hiring for one year. (*Bunnell v. Rosenberg,* 126 Ill. App. 196; *Pfund v. Zimmerman,* 29 Ill. 269.) The evidence shows that the minds of the parties met only as to the amount or rate of compensation.'' So here, the plaintiff has failed to introduce evidence which shows that the minds of the parties met save as to hiring at will.

The burden of proving that the plaintiff was hired by the month was upon him. He must prove that fact by a preponderance of the evidence. Wood, Master and Servant, sec. 136. Defendant denied that the hiring was by the month. The plaintiff testified that he based his opinion that he was hired by the month on the fact that he was paid by the month but, unfortunately, that fact only pertains to the rate and quantity of wages and, in no way, connotes duration of employment. Outside of the testimony of Hunt that he told him to go to work and that he, the plaintiff, was paid first at the rate of $90 a month and subsequently at the rate of $110 a month, and that the latter amount was paid in semimonthly instalments of $55, there is no evidence whatever of any other terms of the hiring, and, under the circumstances, it must be considered as a hiring at will and the plaintiff could leave or be discharged at any time. Where there is no specification of any particular time of service agreed upon, there is no hiring for any fixed period. *Pfund v. Zim-*

*merman*, 29 Ill. 269; *Chadwick v. Morris & Co., supra; Resener v. Watts, Ritter & Co.*, 73 W. Va. 342, 51 L. R. A. (N. S.) 629; *Watson v. Gugino*, 204 N. Y. 535.

(2)  Inasmuch as we are of the opinion it was a hiring at will, it is unnecessary to consider whether the plaintiff was discharged for cause.

Owing to the foregoing errors, the judgment is reversed and judgment will be entered here in the sum of $30.16 in favor of the appellee.

*Reversed and judgment here.*