**Letitia A. Westgate, Appellant, v. City of Aurora, Appellee.**

**Gen. No. 7,166.**

1. FRAUDS, STATUTE OF—*sufficiency of appointment of city employee.* An appointment to the office of city chemist for a term of two years is void under the statute of frauds where there is no ordinance or resolution authorizing the appointment and the only writings evidencing such appointment are a letter of the city clerk notifying the appointee which does not contain the terms of the appointment, and an oath of office and bond filed by the appointee with the city clerk which were not signed by any authorized city official or presented to the city council or approved by any authorized city official and where there is no evidence that any bond was required.

2. FRAUDS, STATUTE OF—*inadmissibility of parol evidence.* Parol evidence as to the appointment of plaintiff to the position of city chemist is inadmissible in an action for the salary of such office where the appointment is void under the statute of frauds because not evidenced by any writing, and in such action it is not error to exclude testimony as to conversations between the claimant and the mayor as to the term of office of plaintiff.

Appeal by plaintiff from the Circuit Court of Kane county; the Hon. ADAM C. CLIFFE, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed May 17, 1923.

FRED B. SILSBEE and CHARLES J. MUELLER, for appellant.

MAURICE F. LORD and THEODORE WORCESTER, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

The appellant, Letitia A. Westgate, began suit in the circuit court of Kane county against appellee, the City of Aurora, to recover salary which she alleged was due her as city chemist and bacteriologist from September 16, 1919, to June 1, 1921. At the close of the evidence, the court directed a verdict in favor of the appellee, and from that judgment this appeal was prosecuted.

The appellant is a physician living in the City of Aurora. On May 5, 1919, the mayor appointed her city chemist and bacteriologist of the City of Aurora, and the appointment was confirmed by the city council. On May 8, 1919, the city clerk wrote a letter to the appellant in which he notified her that at a regular meeting of the city council she had been appointed city chemist and bacteriologist for the term commencing June 1, 1919; that she would be required to file a bond in the sum of $500, and asked her to take the oath of office on June 2. On May 10, 1919, the city clerk wrote her another letter in which he in-

formed her there was an error in his prior notice, that he should have notified her to assume her duties on June 2, but that she should file her bond and take the oath of office on or before May 20, 1919. On May 15, 1919, the appellant took the oath of office, and filed her bond in the sum of $500, which recited that at a meeting of the city council on May 5, 1919, the appellant was appointed and confirmed as city chemist and bacteriologist for the term of two years, and the bond was conditioned for the faithful performance of her duties and for the payment to appellee of all money which should come to her hands belonging to the city. The appellee entered upon the duties of her office on June 1, 1919, served until September 16, 1919, and received pay at the rate of $125 per month. At a meeting of the city council on September 15, 1919, a resolution was adopted instructing the mayor to ask for the resignation of the appellant to take effect immediately. On September 16, 1919, the mayor wrote the appellant a letter setting forth the resolution of the city council and requested her to write her resignation dated September 16, 1919, from which date, until her successor was appointed, the office was declared vacant. The appellant replied on September 17, 1919, acknowledging the receipt of the mayor's letter, and declining to resign. She was prevented from performing further duties, and this suit was instituted.

The declaration consisted of two counts, but it is conceded there can be no recovery on the first count. The second count alleged that on May 5, 1919, the appellant was employed as city chemist and bacteriologist for a term of two years beginning June 1, 1919, at a salary of $1,500 per year; that she entered upon the duties of her office and continued until September 16, 1919, when she was discharged without cause, and, by reason thereof, she was entitled to salary from September 16, 1919, to June 1, 1921. To the declara-

tion the appellee filed the general issue and a plea of the statute of frauds, in which it was alleged that the contract of the appellant was not to be performed within one year from May 5, 1919, and there was no memorandum or note thereof, in writing, signed by the appellee, or by any person thereunto by it lawfully authorized. To the plea of the statute of frauds the appellant filed four replications. The first alleged there was a memorandum in writing signed by the city clerk consisting of the record of the meeting of the city council held on May 5, 1919. The second alleged there was a memorandum in writing in the form of a letter written by the city clerk to the appellant on May 8, 1919, notifying her of her appointment for the term commencing June 1, 1919, and asking her to qualify. The third was that there was a memorandum in writing in the form of the letter referred to in the second replication, the oath of office and bond of appellant, both of which were filed in the office of the city clerk, which bond recited that the appellant had been appointed for the term of two years. The fourth alleged that the appellant entered upon the performance of her duties on June 1, 1919, and continued until September 16, 1919, when she was wrongfully discharged. To the fourth replication the appellee filed a rejoinder alleging that the appellant did not enter upon the performance of the duties of her office; that there was no such office as city chemist; that the appellee did not, without just cause, discharge the appellant.

The question for determination is whether or not the appointment of the appellant was void under the statute of frauds. In support of her contention the appellant offered in evidence all of the records of the city council concerning her appointment, including the appropriation and tax levy ordinances, the correspondence between the appellant and the city clerk, and the appellant and the mayor, and her bond and

oath of office. It is admitted there was no ordinance creating the office to which the appellant was appointed. It is apparently conceded, however, that under chapter 24, paragraph 65, of the City and Village Act [Cahill's Ill. St. ch. 24, ¶ 65], the city had the right to employ the appellant under the health provisions of the statute, and she was thus employed without any ordinance having been passed creating the office. In other words, that she was employed by the City of Aurora for that position.

Paragraph 1, chapter 59, of the statute [Cahill's Ill. St. ch. 59, ¶ 1] provides that no action shall be brought upon any agreement that is not to be performed within the space of one year, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized. It has been held that contracts for labor or services which are not to be performed within one year are within the statute and voidable unless the statute has been complied with. *Haynes v. Mason,* 30 Ill. App. 85; *Chadwick v. Morris & Co.,* 170 Ill. App. 569. No particular form of writing is necessary to constitute a memorandum under the statute of frauds. Any writing which states all of the essential elements of the contract with reasonable certainty and which is signed by the party to be charged is a sufficient memorandum to satisfy the requirements of the statute. *Lasher v. Gardner,* 124 Ill. 441; *Kopp v. Reiter,* 146 Ill. 437; *Morton v. Murray,* 176 Ill. 54. The note or memorandum need not be contained in a single document. Two or more writings, properly connected, may be considered together, and their sufficiency will depend upon whether, taken together, they meet the requirements of the statute as to contents and signatures. *Bourland v. Peoria County,* 16 Ill. 538; *Esmay v. Gorton,* 18 Ill. 483;

*Mayer v. Hirsch, Stein & Co.*, 212 Ill. App. 441. Where the statute of frauds is pleaded, the contract relied upon cannot rest partly in writing and partly in parol. The material terms of the contract must be in writing. *Frazer v. Howe*, 106 Ill. 563. A part performance of a contract which is within the statute of frauds does not take it out of the operation of the statute in an action at law, but part performance applies only in an action in equity. *Dougherty v. Catlett*, 129 Ill. 431; *Chicago Attachment Co. v. Davis Sewing Mach. Co.*, 142 Ill. 171; *Leavitt v. Stern*, 159 Ill. 526; *Dyrenforth v. Palmer Pneumatic Tire Co.*, 240 Ill. 25. It is also a well-known rule of law that an incorporated town usually speaks, acts and becomes bound by its ordinances or resolutions adopted by the legislative branch of the corporation. *Town of New Athens v. Thomas*, 82 Ill. 259.

There was no written instrument of any kind or character which shows the terms for which the appellant was employed except the bond which was filed by her with the city clerk. The records of the city council fail to show any term of employment. The letter sent by the city clerk to the appellant notifying her of her appointment stated that she was appointed for the term beginning June 1, 1919, but it did not state the length of the term. There is no evidence of any action by the city council, by ordinance or resolution, requiring a bond or oath of office from the person appointed to the position which the appellant attempted to fill. The bond filed with the city clerk was not signed by the appellee who was the party to be charged. In order to make it a writing sufficient to take the case out of the operation of the statute of frauds, it was necessary that it be authorized or accepted or approved by appellee. Not only was there no evidence tending to show that a bond was required, but there is no evidence that the bond was ever called to the attention of the mayor or city

council. It was filed with the city clerk but it was not presented to the city council, and it was not approved by anybody having authority to bind the city. If there was no ordinance creating the office, or if there was no bond required by the city authorities, the mere fact that the city clerk without authority notified the appellant to file her bond, and the same was filed, would not make the bond such an instrument as would bind the city for a term of two years. The record taken as a whole fails to establish such a writing as was necessary to take the employment out of the operation of the statute of frauds. Not only was there no writing sufficient to comply with the statute, but there could be no part performance of the contract which would take the case out of the operation of the statute. For these reasons the court properly directed a verdict in favor of the appellee.

The appellant asked the city clerk what he meant by the words "for the term commencing June 1, 1919," as contained in his letter to the appellant. The mayor was asked concerning a conversation he had with the appellant relative to the length of her term of office. The court refused to admit this testimony, refused to admit the bond of the appellant, and refused to admit parts of the various letters which the appellant wrote concerning her discharge. In order to comply with the statute of frauds, the written memorandum could not be partly in writing and partly in parol, and therefore any conversation the appellant had with the mayor concerning the term of office was immaterial. Neither do we think any of the evidence offered to which objection was sustained was competent, and in each instance the court properly sustained the objection.

The evidence did not tend to make out a case against the appellee, the court properly directed a verdict in its favor, and the judgment will be affirmed.

*Judgment affirmed.*