## C. H. Lefler, Appellant, v. Board of School Inspectors of City of Peoria and School District Number 150, Peoria County, Illinois, Appellees.

### Gen. No. 7,620.

1. EVIDENCE—*presumption from failure of party to produce evidence within his power to produce.* The failure of a party to produce evidence within his knowledge which it is within his power to produce, and which he naturally would produce were it favorable to him, gives rise to an inference that if such evidence were produced it would be unfavorable to him.

2. CONTRACTS—*question whether written contract actually signed by both parties as one of fact for jury.* In an action based upon an alleged contract of employment, the question whether a written contract was actually signed by both parties was one of fact for the jury.

Appeal by plaintiff from the Circuit Court of Peoria county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the April term, 1926. Reversed and remanded. Opinion filed May 29, 1926. Rehearing denied July 5, 1926.

C. H. LEFLER, *pro se,* for appellant; CLYDE CAPRON, of counsel.

H. D. MORGAN, for appellees.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

Appellant, C. H. Lefler, obtained a judgment for $167.74, against appellees, Board of School Inspectors of the City of Peoria and School District Number 150, Peoria County, Illinois, in an action of assumpsit, in the circuit court of Peoria county, and an appeal has been prosecuted to this court.

For about 12 years, appellant had been in the employ of appellees as a teacher and supervisor of manual training. In May, 1921, he was re-elected for the school year 1921-1922, at a salary of $2,500. On May 16, 1921, a contract of employment was sent to him

by appellees, which contract was on a printed form, and at the bottom the name of appellees was printed, with a blank space for the signature of the secretary of appellees, and a blank line for the signature of appellant. Below the space for the signatures was the following: "These forms are in duplicate. Both copies are to be signed by you and returned to the secretary of the board not later than ten days from date hereon; otherwise your position will be declared vacant. On receipt by the secretary of both copies of the contract properly signed by you, the secretary or assistant secretary will sign both copies and will file the original and return the duplicate to you." The contract contained a clause relative to the membership of appellant in the Men Teachers' Federation.

Appellant testified that within the 10 days he signed both copies and returned them to the secretary. On May 31, 1921, the teacher's committee of appellees interviewed appellant with reference to certain letters sent out by the Men Teachers' Federation, of which appellant was a member, and as a result of this interview, the committee recommended to the school board that appellant be discharged from his employment under his contract for the school year 1920-1921, said discharge to date from June 1, 1921, and as the contract for the school year 1921-1922 had not been signed by the secretary, that it should not be signed, and that appellant should not be employed for the school year 1921-1922. This recommendation was approved by the school board at a special meeting, and the next day the secretary notified appellant of the action of the board. Appellant performed no services after that date, but was not paid for 12 days of service under the contract of 1920-1921. This suit is to recover for these twelve days under the 1920-1921 contract, and for the breach of the 1921-1922 contract.

The declaration consisted of four counts. The first two were based upon the 1920-1921 contract, for the

12 days for which appellant was not paid, and are not in controversy in this case. The third and fourth counts alleged that appellees, on May 20, 1921, entered into a written contract with appellant for the school year 1921-1922, at a salary of $2,500; that appellant was to begin his duties about the first Monday in September, 1921; that he tendered his services according to the contract, which tender was wrongfully refused and appellees wrongfully refused to pay him. Later on, an additional count was filed based upon the 1921-1922 contract, which alleged that on May 16, 1921, appellees, in consideration that appellant would enter its employ, undertook and promised appellant to employ him; that appellant accepted the offer and agreed to its terms; that appellees at its meetings made complete notes and memoranda of all the terms and conditions of the contract, which notes and memoranda were signed by the appellees by its assistant secretary, who was authorized to do so; that appellees wrongfully refused to permit appellant to enter upon the employment, and appellant was damaged thereby.

It is insisted by appellees that the contract was not to be performed within one year, consequently, under the statute of frauds, it had to be in writing, or to be evidenced by some memoranda or note thereof in writing; that the contract was printed with the name of appellant and his salary filled in by a typewriter with a blank for the signature of the secretary; that the name of appellees was printed at the bottom; that appellant was instructed to sign and return this instrument for the signature of the secretary; that it was never signed by the secretary and therefore does not constitute a contract; that the only question in the case is whether the contract relied upon in the third, fourth and additional counts, was reduced to writing as required by the statute of frauds.

It is contended by appellant that while the written

contract and all the other written evidence was for the construction of the court, yet each of the several written exhibits taken in connection with the testimony of witnesses to facts and circumstances surrounding the parties were such that this evidence should have been submitted to the jury in order to determine the intention of the parties and whether the contract was executed; that the court should have held, as a matter of law, that appellees signed the contract by affixing their signature in typewriting; that the signing of the contract by the secretary would only have been his ministerial act of attestation, and that the contract became effective upon its unconditional acceptance by appellant; that the offer of the contract by appellees and the acceptance of its terms and conditions, which were reduced to writing in complete notes and memoranda and signed by the assistant secretary of appellees, were sufficient under the statute of frauds to constitute a valid and binding contract.

The contract was not to be performed within a year and for that reason it was necessary that the contract, or some memoranda or note thereof, should be in writing and signed by the party to be charged, or by some other person lawfully authorized.

What is necessary to constitute a writing sufficient to take the case out of the operation of the statute of frauds was considered by this court in *Westgate v. City of Aurora,* 229 Ill. App. 84. The rules there laid down are correctly stated in so far as they are applicable to the facts in this case. It has been held that the signature at the bottom of the contract need not be in writing, but it may be printed, or may be typewritten, provided there is evidence that it was the intention of the parties that it should constitute their binding obligation. *Weston v. Myers,* 33 Ill. 424; *Hoey v. Alcazar Amusement Co.,* 197 Ill. App. 411. No particular form of writing is necessary. Any writing which states all of the essential elements of

the contract with reasonable certainty which is signed by the party to be charged is sufficient. *Kopp v. Reiter,* 146 Ill. 437; *Morton v. Murray,* 176 Ill. 54. It need not be contained in a single document, but may be in two or more documents. *Bourland v. County of Peoria,* 16 Ill. 538; *Esmay v. Gorton,* 18 Ill. 483; *Mayer v. Hirsch, Stein & Co.,* 212 Ill. App. 441.

In *Baltimore & Ohio Southwestern R. Co. v. People,* 195 Ill. 423, the rule is announced that where the parties make the reduction of the agreement to writing and its signature by them a condition precedent to its completion, it will not be a contract until that is done, and this is true although all the terms of the contract have been agreed upon. We think this latter case is applicable to the facts here presented.

It is evident that the election of appellant to this position was not intended by appellees to constitute a contract between the parties, and therefore the facts alleged in the additional count to have been in writing were not sufficient to take the case out of the statute of frauds. On the other hand, it is apparent that it was the intention of the parties that a contract in writing should be entered into between the parties after the election of appellant. This is apparent from the fact that certain conditions are contained in the contract as sent to appellant relative to his membership in the Men's Federation.

If the records of the school board are not sufficient to constitute a writing under the statute of frauds, the next question is whether there was evidence which shows that the contract sent to appellant was in fact signed by the secretary, thus making a valid contract between the parties. There is no dispute that the contract was received by appellant about May 20, and he testified that within 10 days he signed it and returned it to appellees. It appears from the evidence that this contract was one of about 400 others which were sent out about the same time to other teachers. They were

all on printed forms and were alike. On the trial notice was served upon appellees to produce the contract, and a *subpoena duces tecum* was served for the same purpose, but it was not produced. The secretary testified that he had not made a search for it, but that a search had been made by other persons. His testimony is not very positive, but tends to show that the contract was not signed by him as secretary. The assistant secretary was not called as a witness, and therefore there is no positive evidence whether she signed it. The notice on the contract informs appellant that on receipt by the secretary of both copies of the contract properly signed by him that the secretary or assistant secretary would sign both copies, file the original, and return the duplicate to appellant. It is apparent from this notice that it was the intention of appellees to have the secretary or assistant secretary sign both copies after they had been signed by appellant and complete the contract immediately upon its being returned by appellant.

In 22 Corpus Juris 111, it is said: "The failure of a party to produce evidence which is within his knowledge which he has power to produce, and which he would naturally produce if it were favorable to him, gives rise to an inference that if such evidence were produced it would be unfavorable to him; and a similar effect attends an effort to suppress evidence. Failure to produce, at the trial, an article which would tend to throw light on the issues may raise a presumption adverse to the party in whose possession it is, although it has been held that mere non-production of such article does not, in the absence of any demand for its production, raise a presumption that it has been suppressed as evidence." To the same effect are 16 Cyc. 1059; *Rector v. Rector,* 3 Gilm. 105; *Anderson v. Irwin,* 101 Ill. 411; *Hudson v. Hudson,* 287 Ill. 286, 299.

The question of the construction of the contract

itself and the written evidence was one of law for the court, but the question as to whether or not the written contract was in fact actually executed and signed by both parties was a question of fact for the jury and depended upon the evidence produced in the case. We think that when the evidence on this point is considered in connection with the presumption of law with reference to the failure of the secretary to produce the written contract that it was such evidence as should have been submitted to the jury in determining the question of fact as to whether the contract was signed and executed by both parties, and the court was in error in directing a verdict on the third, fourth and additional counts.

For this reason the judgment will have to be reversed and the cause remanded.

*Reversed and remanded.*