## Case No. 14,611.

### UNITED STATES v. BLODGETT.

[35 Ga. 336.]

[See Append. Fed. Cas.]

---

## Case No. 14,612.

### UNITED STATES v. BLOOMGART.

[2 Ben. 356; [1] 7 Int. Rev. Rec. 148.]

District Court, S. D. New York. April, 1868.

CRIMINAL PROCEDURE — EXAMINATION BEFORE A UNITED STATES COMMISSIONER—CONFESSIONS —OFFICER OF THE UNITED STATES.

1. On an examination, before a United States commissioner, of a person charged with crime, his confession of the crime, without any proof of the corpus delicti, is sufficient to warrant his being held for trial.

[Cited in U. S. v. Brawner, 7 Fed. 87.]

2. A clerk, appointed by the direction and with the approbation of the secretary of the treasury, for the fractional currency counter of the treasury department, at Louisville, is an officer of the United States, within the meaning of the constitution of the United States, and of the statutes of the United States in regard to officers charged with the safe keeping of the public money.

BLATCHFORD, District Judge. This case comes before the court on a writ of habeas corpus, and a writ of certiorari, the habeas corpus being issued to the marshal of this district, directing him to bring up the prisoner, and the certiorari being issued to John A. Osborn, a commissioner of the circuit court of the United States for this district, to bring before the court the proceedings before him under which the prisoner was committed. It appears that, on the 23d of March, 1868, a warrant was issued by Mr. Osborn, as such commissioner, to the marshal of this district, against Joseph Bloomgart, reciting that complaint on oath had been made, charging Bloomgart with having, on the 7th of December, 1867, in the district of Kentucky, knowingly, willfully, and feloniously taken and converted to his own use, and embezzled, the sum of $12,275, the property of the United States, he being then an officer of the United States, and intrusted with the depositing and safe keeping of the

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

public money. That warrant commanded the marshal to apprehend Bloomgart, if found in this district, and bring him before the commissioner, and appears to have been issued by the commissioner on an affidavit made by Mr. Hervey, acting United States depositary at Louisville, Kentucky, and sworn to in the district of Kentucky, before a United States commissioner there, on the 3d of February, 1868. Mr. Hervey states, on oath, that, during the past eight months, one Joseph Bloomgart, a clerk at the fractional currency counter of the treasury department, at Louisville, did take and convert to his own use $12,275 of the public money intrusted to him, contrary to the act of congress in such case made and provided. On this warrant, Bloomgart was arrested and taken before Commissioner Osborn, and the commissioner had an examination of him, in which testimony was introduced on the part of the government, and the commissioner, on the 10th of April, 1868, committed the prisoner for trial in the district of Kentucky, the place where the offence was committed, and directed that he should be committed to the custody of the marshal of this district, to be by him held until this court should order his removal, or otherwise to be dealt with according to law. His discharge is now applied for, under the habeas corpus, on the ground that sufficient evidence was not produced before the commissioner to warrant his committal, or to warrant his being sent to Kentucky for trial, under the act of congress.

It appeared in evidence, before the commissioner, that a warrant was issued in Kentucky, on the 28th of March last, by a United States commissioner there, to the marshal of Kentucky, reciting that information upon oath had been given to him, that Bloomgart had committed an offence in the district of Kentucky, to wit, that he, being an officer of the United States, at the fractional currency counter of the treasury department, in Louisville, and intrusted with the safe keeping of the public money of the United States, did, while intrusted with such charge, convert a large sum of the same to his own use, contrary to the statutes of the United States. Such warrant commanded the marshal to arrest him, and bring him before the commissioner.

An official letter of appointment from the treasury department, signed by the assistant secretary of the treasury, was put in evidence before Commissioner Osborn, showing that Bloomgart was appointed a clerk at the fractional currency counter of the treasury department in Louisville, on the 10th of October, 1866, by the direction and with the approbation of the secretary of the treasury. Under the decision of the supreme court in the case of U. S. v. Hartwell, 6 Wall. [73 U. S.] 385, this appointment constituted Bloomgart an officer of the United States. Where, with the sanction of the head of a department, a person is appointed an officer of the United States for the safe keeping of public money, such appointment constitutes him such officer, within the meaning of the constitution of the United States, and of the statutes of the United States in regard to officers charged with the safe keeping of the public money.

The only question now is, whether probable cause was shown for his commitment,—probable cause to show that he is guilty of the offence charged against him. In addition to the affidavit of Mr. Hervey, the evidence, and, it may be said, the only evidence on the subject, appears to be two papers, which are proved to be in the handwriting of Bloomgart himself, in which he enters with great particularity into the details and circumstances of the embezzlement, showing when it commenced, how it was carried on, and the purpose for which it was committed. They are both signed by Bloomgart, they are autographic manuscripts, and, if they are to be believed, they clearly show that he has been guilty of the offence charged. His discharge is claimed on the ground, that, if he were on trial under an indictment before a jury, the same rule of law would apply to his case as to all other criminal cases—that the corpus delicti, the fact that an offence was committed, the stealing of the government money, must be proved independently of the confession of the prisoner. People v. Hennessey, 15 Wend. 147. But, whatever the principle of law is, as regards a trial before a jury, I have come to the conclusion, after a careful examination of the authorities, and looking at the case as if I myself were the examining and committing magistrate, that the principle invoked does not apply to the question of a commitment, and that this is a proper case in which to hold the prisoner for trial, and send him to Kentucky. I do this on the decision of the most learned and eminent judge, who has adorned the bench in this country—Chief Justice Marshall—and on the authority of the most important criminal case which the federal judiciary has ever had to deal with—the Case of Aaron Burr [Case No. 14,692a]—in which the evidence on which the prisoner was held for trial was identical with that in this case. As this is an important question, I have thought that the law should be carefully laid down for the guidance of United States commissioners, because the doctrine urged in this case on the part of the prisoner is not sound, as respects the question of commitment.

In the Case of Burr, an application was made at Richmond, before the chief justice, sitting as a committing magistrate, and acting, so to speak, as a United States commissioner, to commit Colonel Burr for trial, on two charges. One charge was, setting on foot and providing the means for an expedition against the territories of a nation at peace with the United States. The other charge was a charge of high treason. The sole evidence on which the

district attorney asked to have Colonel Burr committed on the first charge—that of setting on foot and providing the means for an expedition against the territories of a nation at peace with the United States—was an affidavit made by General Wilkinson, setting forth, in very general terms, that Colonel Burr had been guilty of the offence; and he embodied in his affidavit, as the main piece of evidence against Colonel Burr, an interpretation or translation of a letter in cypher received from Colonel Burr. The original letter in cypher was not produced, nor a copy of it, nor the key to the cypher, but merely the translation. The affidavit of General Wilkinson is to be found at length in the appendix to the fourth volume of Cranch's Reports. [Case No. 14, 692a.] There was no proof of any expedition having been undertaken or set on foot, except what was contained in the affidavit of General Wilkinson. The attorney for the United States urged the commitment of Colonel Burr on the strength of this letter addressed to General Wilkinson, and insisted that it showed probable cause to suspect him of having committed the offence. The counsel for Colonel Burr contested the propriety and effect of the evidence relied on by the attorney for the United States, and Colonel Burr himself, also, argued on his own behalf. The attorney general of the United States said, that the counsel for Colonel Burr had argued as if they were then before a jury upon the principal trial, but that the law required no such plenary testimony in the incipient stage of the proceedings; that, to show probable cause to authorize a commitment, ex parte testimony and ex parte evidence of a confession were admissible, and, unles it manifestly appeared that he was innocent, he ought to be committed; whereas, before a jury, such testimony would be excluded, and his innocence would be presumed till his guilt appeared. Chief Justice Marshall, in the opinion delivered by him on the question, after reciting the two charges, uses, in regard to the first charge, the following language (U. S. v. Burr, [Case No. 14.-694a]): "On an application of this kind, I certainly should not require that proof which would be necessary to convict the person to be committed, on a trial in chief; nor should I even require that which should absolutely convince my own mind of the guilt of the accused; but I ought to require, and I should require, that probable cause be shown; and I understand probable cause to be a case made out by proof, furnishing good reason to believe that the crime alleged has been committed by the person charged with having committed it." He then proceeds to discuss the evidence in the case as to the first charge, and says, of the affidavit of General Wilkinson: "To make the testimony of General Wilkinson bear on Colonel Burr, it is necessary to consider as genuine the letter stated by the former to be, as nearly as he can make it, an interpretation of one received in cypher from the latter. Exclude this letter, and

nothing remains in the testimony which can, in the most remote degree, affect Colonel Burr." He then held, that, upon a mere question whether the accused should be brought to trial or not, upon an inquiry not into the guilt, but into the probable cause, the affidavit of General Wilkinson, embracing the letter from Colonel Burr, was sufficient to warrant the commitment of the accused for trial. This decision was put by him solely on the ground that the expressions in that letter furnished probable cause for believing that the means for the expedition had been provided by the accused.

The evidence in the present case is quite as full, to show that there is probable cause for supposing the prisoner to be guilty of the charge, on this written confession. The confession is very circumstantial and detailed. It shows that he took the government money, and for what purpose he took it. I have no doubt that this is a proper case in which to hold the accused for trial. If the offence had been committed in this district, the evidence would be sufficient to commit him to await the action of a grand jury. The only place where he can be tried is the district of Kentucky, where the offence was committed. The application to discharge the prisoner is refused, the writ of habeas corpus is vacated, and a warrant must be issued, under the thirty-third section of the act of September 24th, 1789 (1 Stat. 91), to the marshal of this district, to remove the prisoner to the district of Kentucky.

[Subsequently, upon a removal of the cause to the district court for the district of Kentucky, the prisoner was convicted. See Case No. 14,-613.]