Drake, Ch. J.,
delivered the opinion of the court:
The claimant sues to recover salary, at the rate of $2,000 per annum, as a clerk in the office of the Attorney-General of the United States, from August 12,1868, to September 30,1868, the duties of which clerkship he avers he performed.
The defendants file a special plea in bar, alleging that during that period the claimant was a clerk in the Internal Revenue Department of the Government, duly appointed, and served and received his pay as such, giving receipts in full therefor.
To this plea the claimant files a general demurrer, which brings up the question whether a person holding two different offices under the Government can receive the pay of both for the same time. We are not aware of any case in which this question has previously arisen.
The claimant’s counsel cited, as applicable, the case of Converse v. The United States, (21 How., 463.) There the claim was for extra services performed by a collector of customs by order of the Secretary of the Treasury; not a claim for the salary of one of two different offices simultaneously held by the same person.
The cases of Stanslury (1 O. Gis. R., 123) and Wilson (ih., 206) were also referred to in the argument; but they were likewise claims for extra services.
The case of Jackson (8 O. Gis. R., 354) nearly resembles this; the claim there being for services rendered by a clerk in the custom-house at New York, who, while acting(and receiving pay as such, was several times appointed and served as deputy collector ad interim; and he sued for the difference between the pay he had received as clerk and that which by *428 laAv was applicable to the positiou of deputy collector. The leading difference between that case and this is that here the claimant held at the same time two different offices, in two different Departments of the Government, the compensation of one sof which he has received, and now sues for that of the other. But there was another point of difference in the fact that there the first appointment of the claimant as deputy collector ad interim was on the express terms stated in the appointment, that it was made “ without increase of his compensation as clerk.”
The exact point, therefore, raised by this demurrer has not been the subject of direct adjudication.
In our opinion it is controlled by a proviso in the first section of the Civil and diplomatic appropriation Act September 30, 1850,’ (9 Stat. L., 542, 543,) in the following words: “That hereafter the proper accounting officers of the Treasury, or other pay officers of the United States, shall in no case allow any pay to one individual [ofj the salaries of two different offices, on account of having performed the duties thereof at the same time.”
This language, in our opinion, applies equally to the case of a person holding by regular appointment two different offices as to that of a person holding one office, and while performing its duties performing also those of another. The intention of the act seems clearly to be the prohibition of the payment of two salaries to the same person for the same period of time. If the Government sees fit to confer two offices upon one person, he may accept both and perform the duties of both, but with the knowledge that by express law he is forbidden to receive more than the salary of one.
The demurrer to the special plea is overruled.