DAVID HAMILTON v. STATE OF NEBRASKA.

FILED NOVEMBER 7, 1895.   No. 7269.

1. **Embezzlement:** EVIDENCE: CONVERSION: PRINCIPAL AND AGENT. That the relation of debtor and creditor exists between a principal and his agent, and that on balancing the account the agent would be found indebted to his principal, are not alone sufficient to sustain a verdict finding the agent guilty of embezzling or converting to his own use the property of his principal.

2. ———. The terms "shall embezzle" and "convert to his own use," found in section 121 of the Criminal Code, are synonymous;

but embezzlement is the fraudulent appropriation by an agent of the property of another.

3. ———: EVIDENCE: CONVERSION: INTENT.  To sustain the conviction of an agent for embezzling or converting to his own use the property of his principal, the facts must warrant the conclusion that such conversion was made by the agent with a felonious intent.

ERROR to the district court for Buffalo county.  Tried below before HOLCOMB, J.

*F. G. Hamer,* for plaintiff in error.

*A. S. Churchill, Attorney General,* for the state.

RAGAN, C.

David Hamilton was convicted in the district court of Buffalo county of the crime of embezzlement and sentenced to the state penitentiary for one year.  To reverse this sentence and judgment he prosecutes to this court a petition in error.

1. It appears from the record that in November, 1892, there was organized in said county a corporation known as the Farmers Elevator & Commission Company, hereinafter known as the "corporation."  This corporation was organized for the purpose of buying and shipping grain and other commodities.  It seems to have begun business December 1, 1892, and at that time it had to its credit in a bank in the city of Kearney something like $1,400.  The directors appointed Hamilton general manager at a salary of $50 per month, but the duties of Hamilton as such manager are not disclosed by the record.  The corporation embarked in the purchasing and shipping of grain and other commodities, Hamilton, it appears, doing the principal part of the buying, shipping, and selling.  It appears also that the accounts of the corporation were kept by a book-keeper, but no part of these books is in the record.  It seems that among the accounts on the books of the corporation was

the account of Hamilton with the corporation, though this account is not in the evidence. When Hamilton bought grain for the corporation he drew the corporation's check, on the bank in which it had its funds, signing the same with the corporate name by himself as general manager. During the time Hamilton was conducting this business he sold the corporation grain to the amount of $175. He sold it also an elevator or scale-house at a price of $300, $200 of which the corporation paid him by its stock; and it seems that he served the corporation three months, or at least it is admitted that it owes him three months' salary at $50 a month. It also seems that Hamilton's account was or should have been credited with his salary, the value of the grain sold the corporation by him, and the balance of the $100 due on the purchase of the elevator. There never was any settlement or accounting between Hamilton and the corporation; that is, it was never agreed between them which one owed the other and how much, nor was the amount that Hamilton was in debt to the corporation ever established by any judgment or decree.

Hamilton was charged in the information in this case with having embezzled $500 of the funds of the corporation, and a jury found that he embezzled $409.87. We do not think this conviction can be allowed to stand. It is evident from the record, although that is in a very unsatisfactory condition, that the jury reached the conclusion that Hamilton had embezzled $409.87 of the money of the corporation after having reached another conclusion, viz., that that was the amount of money owing to the corporation by Hamilton on a settlement of the account between them. This will not do. The jury in this case was not charged with the duty of determining what was due from Hamilton to the corporation, but simply whether Hamilton, as charged in the information, had embezzled or converted to his own use $500 of money belonging to the corporation. (*Van Etten v. State*, 24 Neb., 734.) An amicable settle-

ment or an adjudication of the account existing between Hamilton and the corporation may show that Hamilton is not indebted in any sum whatever to the corporation. To sustain the conviction of an agent for embezzling the property of his principal the record must clearly and unequivocally show that the property embezzled or converted to his use by the agent was the property of the principal. It is not enough to sustain such a conviction that the relation of debtor and creditor existed between them, and that on a balance being struck of the account that the agent would be found indebted to his principal. In this case Hamilton had charge of the funds of the corporation. He had a right to check them out for property purchased for the corporation, and for the expenses of conducting its business and paying its debts. Among these debts were the ones to himself for his salary, for grain sold the corporation, and for the elevator sold; and the mere fact that he overdrew his account did not of itself, without more, make him an embezzler. The terms "shall embezzle" and "convert to his own use," found in section 121 of the Criminal Code, are synonymous. For an agent to convert to his own use is made embezzlement by this statute, but embezzlement is the fraudulent appropriation by an agent or bailee of the property of another. (*Leonard v. State*, 7 Tex. App., 417.) To sustain this conviction the record must show that Hamilton was the agent of the corporation, that he had the possession or care of its moneys, and that he converted the same to his own use with a felonious intent. (*People v. Hurst*, 41 Mich., 328; *Beaty v. State*, 82 Ind., 228.) The evidence in this record does not disclose any fraudulent or felonious intent on the part of Hamilton in his dealings with the funds of this corporation, nor is the evidence sufficient to justify a jury in inferring such fraudulent or felonious intent. As already said, the jury based its verdict of embezzlement against Hamilton solely on the conclusion reached by them that Hamilton had overdrawn his

account $409.87. This fact alone, though supported by the evidence, will not, in view of all the other facts in evidence, including the course of dealings between the parties and their method of doing business, sustain this conviction.

REVERSED AND REMANDED.