## WELLS *v.* THE STATE OF INDIANA, EX REL. PEDEN.

### [No. 21,648.    Filed March 16, 1911.]

1. QUO WARRANTO. — *Officers.—Forfeitures.—Informations.—Statutes.—Judgment.*—Under §1188 Burns 1908, §1131 R. S. 1881, providing, among other things, that an information may be filed against any public officer when he "shall have done or suffered any act which, by the provisions of law, shall work a forfeiture of his office," and §1189 Burns 1908, §1132 R. S. 1881, providing that such information may be filed by the prosecuting attorney, "or by any other person on his own relation, whenever he claims an interest in the office * * * which is the subject of the information," and §1194 Burns 1908, §1137 R. S. 1881, providing that "if judgment be rendered in favor of the relator, he shall proceed to exercise the functions of the office," an information is the proper remedy to try the title, determine the right to the office in question, and to oust one who forfeits his right to hold the office; and the judgment in such case requires defendant to deliver possession of the books, papers, and other things belonging to such office. p. 382.

2. OFFICERS.—*Eligibility.—School Trustees.—Lucrative Offices.—Constitutional Law.*—The office of school trustee is a lucrative office within the meaning of article 2, §9, of the Constitution providing that no person shall hold "more than one lucrative office at the same time, except as by this Constitution expressly permitted." p. 383.

3. OFFICERS.—*Deputy Auditor.—Eligibility.—School Trustees.*—The office of deputy county auditor is a lucrative one within article 2, §9, of the Constitution forbidding any person from holding "more than one lucrative office at the same time"; and such deputy is ineligible to hold the office of school trustee. p. 384.

4. OFFICERS.—*"Office."—What is.*—An "office" is a special duty, trust or charge conferred by authority and for a public purpose. p. 384.

5. OFFICERS.—*Deputies.—Statutes.*—A person appointed as a deputy county auditor under a statute is a public officer. p. 384.

6. OFFICERS.—*School Trustees.—Deputy County Auditors.—Compatibility of Offices.*—The duties of the offices of school trustee and deputy county auditor are in some respects incompatible. p. 385.

7. OFFICERS.—*Vacancy in Office.—Judgment.—Elections.—Title.—Action.*—A vacancy in an office may be filled without a judicial determination that a vacancy exists; and the title to an office may be determined and in the same action a judgment of ouster may be awarded. p. 386.

From Owen Circuit Court; *George W. Grubbs,* Special Judge.

Action by the State of Indiana, on the relation of Jesse P. Peden, against John A. Wells. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John C. Robinson* and *Inman H. Fowler,* for appellant.
*Homer Elliott,* for appellee.

MYERS, C. J.—This was an action by relator in the court below to oust appellant from the office of trustee of the school town of Spencer. The complaint avers the election of appellant as trustee of the school town of Spencer in June, 1907, and his qualification and entry upon the duties of the office, August 1, 1907, for a term of three years; that on January 1, 1908, appellant qualified to hold the office of deputy auditor of Owen county, on which day he was appointed by the auditor to the office of deputy auditor, took the oath of office as such deputy, and entered upon, and has continued in, the discharge of the duties of the office of deputy auditor; that his compensation as school trustee was $60 per annum, and his salary as deputy auditor was $660 per annum, both of which salaries he continued to draw, and also to discharge the duties of both offices; that relator was on May 1, 1909, elected to fill the unexpired term, which was vacated by appellant's accepting the office of deputy auditor; that relator qualified for and proposed to enter upon the duties of the office, and demanded from appellant the books, papers and supplies incident to

and connected with the office, which were refused, and appellant has continued wrongfully in said office. Prayer that the right of relator to the office be determined, that he be authorized to exercise the functions of the office without let or hindrance of appellant, that the latter be enjoined from exercising or attempting to exercise any right or rights in connection with said office, and for $100 damages. A demurrer for want of facts was ineffectually interposed to the complaint, appellant refused to plead further, the court, after hearing the evidence, assessed damages against appellant for $40 and costs, adjudged that the relator was entitled to the possession of the office, and that appellee be enjoined from exercising, or attempting to exercise, any of the duties of the office.

The errors assigned challenge the sufficiency of the complaint, on the grounds (1) that the position of deputy county auditor is not an office, and (2) that there must first have been a judicial declaration of a vacancy in the office of school trustee before an action for ouster would lie.

Relator's position is (1) that the two offices are lucrative, and that the Constitution (Article 2, §9) forbids one person from holding two lucrative offices, and (2) that the two offices are incompatible at common law, and the acceptance of one amounted to a vacation of the other.

As to the second proposition of appellant, the statute (§1188 Burns 1908, §1131 R. S. 1881) provides for a civil information "where any person shall usurp, intrude into, or unlawfully hold or exercise any public office or any franchise within this State," and "whenever any public officer shall have done or suffered any act which, by the provisions of law, shall work a forfeiture of his office." The information may be filed by any person who claims an interest in the office (§1189 Burns 1908, §1132 R. S. 1881), and the judgment, if for the relator, shall be that "he shall proceed to exercise the functions of the office, * * * and the court shall order the defendant to deliver

over all the books and papers in his custody or within his power, belonging to the office from which he shall have been ousted." §1194 Burns 1908, §1137 R. S. 1881. Under these provisions of our statutes, it has been held that the information is the proper remedy to try the title and determine the right to an office, and to oust an intruder for ineligibility, abandonment or forfeiture. *Jones* v. *State* (1899), 153 Ind. 440; *State, ex rel.,* v. *Crowe* (1898), 150 Ind. 455; *Bishop* v. *State, ex rel.* (1898), 149 Ind. 223, 39 L. R. A. 278, 63 Am. St. 270; *Relender* v. *State, ex rel.* (1898), 149 Ind. 283; *Chambers* v. *State, ex rel.* (1891), 127 Ind. 365, 11 L. R. A. 613; *Griebel* v. *State, ex rel.* (1887), 111 Ind. 369; *State, ex rel.,* v. *Gallagher* (1882), 81 Ind. 558; *State, ex rel.,* v. *Peterson* (1881), 74 Ind. 174; *State, ex rel.,* v. *Adams* (1879), 65 Ind. 393; *Yonkey* v. *State, ex rel.* (1866), 27 Ind. 236; *Gass* v. *State, ex rel.* (1870), 34 Ind. 425; Throop, Public Officers §§82, 776, 777, 781, 786, 802.

Our statute goes farther than the common law, under which books and papers pertaining to an office were recoverable in replevin or mandamus (Throop, Public Officers §§789-792), by providing that the judgment shall require the surrender of books or papers in a defendant's custody, or within his power, belonging to an office from which he shall have been ousted. Upon the second branch of appellant's contention we believe him to be in error.

The office of school trustee has been held to be a lucrative office. *Chambers* v. *State, ex rel., supra; Creighton* v. *Piper* (1860), 14 Ind. 182. In the case of *Howard* v. *Shoemaker* (1871), 35 Ind. 111, the office of mayor of a city is held to be a lucrative office. The reasons pointed out in those cases are that these officers are charged with duties delegated to them under the state government, with duties imposed upon them by statute, and are subject to legislative control. *McCoy* v. *Curtice* (1832), 9 Wend. 17, 24 Am. Dec. 113; *Ogden* v. *Raymond* (1853), 22 Conn. 379, 58 Am. Dec. 429; *People, ex rel.,* v. *Bennett* (1867), 54 Barb. 480.

It is claimed by appellant that a deputy county auditor is not a public officer. The insistence of appellant is that he is only a clerk or employe; but he is more. It is said in the case of *Indianapolis Brewing Co.* v. *Claypool* (1897), 149 Ind. 193, quoting from Burrill's Law Dict., that an office is "a position or station in which a person is employed to perform certain duties, or by virtue of which he becomes charged with the performance of certain duties, public or private; a place of trust." It is said in that case, that the question of a provision for compensation does not determine whether the office is public. It is said in Webster's Dictionary that an office is "a special duty, trust, charge, or position, conferred by authority and for a public purpose; an employment undertaken by the commission and authority of the government as civil, judicial, executive, legislative, and other offices." An office is a public charge or employment, in which the duties are continuing, and prescribed by law and not by contract, invested with some of the functions pertinent to sovereignty, or having some of the powers and duties which inhere within the legislative, judicial or executive departments of the government, and emolument is a usual, but not a necessary element thereof. *Foltz* v. *Kerlin* (1886); 105 Ind. 221, 55 Am. Rep. 197; *State, ex rel.,* v. *Hocker* (1897), 39 Fla. 477, 22 South. 721, 63 Am. St. 174; *Shelby* v. *Alcorn* (1858), 36 Miss. 273, 72 Am. Dec. 169.

Persons who are appointed deputies under a statute are public officers. *Rowland* v. *Mayor, etc.* (1880), 83 N. Y. 372; *Moser* v. *Mayor, etc.* (1880), 21 Hun 163; *Vaughn* v. *English* (1857), 8 Cal. 39; *United States* v. *Hartwell* (1867), 6 Wall. 385, 18 L. Ed. 830; *Talbot* v. *United States* (1874), 10 Ct. Cl. 426; *United States* v. *Bloomgart* (1868), 2 Ben. 356, Fed. Cas. No. 14,612; *Collins* v. *Mayor, etc.* (1875), 3 Hun 680; *Ex parte Hennen* (1839), 13 Pet. *230, 10 L. Ed. 138; note to *Conwell* v. *Vorhees* (1844), 42 Am. Dec. 206, 209; *United States* v. *Tinklepaugh* (1856),

3 Blatchf. 425, Fed. Cas. No. 16,526; *United States* v. *Martin* (1883), 17 Fed. 150; *Eastman* v. *Curtis* (1832), 4 Vt. 616; *Towns* v. *Harris* (1855), 13 Tex. 507; *Dayton* v. *Lynes* (1862), 30 Conn. 351; *White* v. *State* (1870), 44 Ala. 409; Mechem, Public Officers §§1, 38.

Our statute provides that county auditors may appoint deputies, who shall take the oath required of the principal, and perform all the official duties of the principal, and be subject to the same regulations and penalties, and the principal shall be responsible for all official acts of the deputies. §§9158–9160, 9465 Burns 1908, §§5568–5570, 5899 R. S. 1881.

Auditors and their deputies may administer oaths necessary in the performance of their duties, also the oath of office of any officer receiving his certificate of appointment or election from the auditor, and oaths relating to the duties of such officers, but may not practice as attorneys before the board of commissioners. §§9466, 9467 Burns 1908, §§5900, 5901 R. S. 1881.

A deputy auditor under the statute is more than a clerk or an employe; he is vested with the power, by express statute, to perform all duties of the auditor, and public policy requires that this should be so. He is essentially a public officer and discharges functions of government, under express statutory direction. *State, ex rel.,* v. *Bus* (1896), 135 Mo. 325, 36 S. W. 636, 33 L. R. A. 616.

Whether the duties of deputy county auditor and trustee of the school of a town are incompatible, and therefore forbidden by the policy of the common law, it is not necessary to determine, as the statutory prohibition is the same, in effect, as the common-law prohibition. There are, however, several particulars in which the duties are incompatible.

6. Among the duties of the auditor and of his deputy are that of apportioning the school revenue (§6475 Burns 1908, §4486 R. S. 1881), and approving the bonds of school trustees (§§6406, 6477 Burns 1908, §4440 R. S.

1881, Acts 1905 p. 437, §1). The school trustees make certain tax levies, the auditor makes certain assessments, and the auditor or his deputy computes the taxes and extends them on the duplicates. The auditor apportions to school corporations the funds arising from transfers of pupils. §§6442, 6443, 6454–6461, 10312–10317 Burns 1908, §4468 R. S. 1881, Acts 1903 p. 409, Acts 1907 p. 321, Acts 1901 p. 513, §§1, 2, §4474 R. S. 1881, Acts 1907 p. 310, Acts 1903 p. 15, §§2–4, Acts 1891 p. 199, §§143–148.

The auditor or his deputy apportions and disburses certain of the school funds, and the trustees receive them through him (§§6434, 6475 Burns 1908, Acts 1905 p. 34, §3, Acts 1897 p. 291, §4).

There is such a connection between the two offices with respect to the school funds that leads to such incompatibility with respect to their management, and the supervision of one office over the other, that the acceptance of one is the vacation of the other. *Bishop* v. *State, ex rel.* (1898), 149 Ind. 223, 39 L. R. A. 278, 63 Am. St. 279; 29 Cyc. 1401.

That an appointment or election to an office on the theory of its being vacant, because of a state of facts which if subjected to a judicial determination would result in declaring such office vacant, without first obtaining a judicial or other declaration of a vacancy, may be made or had, and the title thereto determined, and a judgment of ouster declared in the same proceeding, is not an open question in this State. *Gosman* v. *State, ex rel.* (1886), 106 Ind. 203; *State, ex rel.*, v. *Jones* (1862), 19 Ind. 356, 81 Am. Dec. 403.

The judgment is affirmed.