## McMILLIN v. EMERY, Sheriff.

No. 3788.   Decided March 22, 1922.   (205 Pac. 898.)

EMBEZZLEMENT—DEPUTY TREASURER HELD "PUBLIC OFFICER."
Under Comp. Laws 1917, § 1451, providing for a county treas-
urer as a county officer, section 1461, providing for deputies,
section 1462 and section 5848, subd. 17, providing that statutes
relating to officers may include deputies, a deputy county treas-
urer is an "officer," within section 8235, providing for punish-
ment of officers converting public moneys to their own use.

Original application of Hugh A. McMillin for writ of
habeas corpus against C. Frank Emery, Sheriff of Salt Lake
County.

WRIT DENIED.

*D. A. Skeen* and *Wilson McCarthy*, both of Salt Lake City,
for plaintiff.

*E. A. Rogers*, Dist. Atty., of Salt Lake City, for defendant.

CORFMAN, C. J.

Plaintiff has made an original application in this court for
a writ of habeas corpus.   He alleges in his petition that he

is illegally imprisoned and restrained of his liberty by the defendant, C. Frank Emery, sheriff of Salt Lake county, by reason of an information heretofore filed in the district court for Salt Lake county which fails to state facts sufficient to constitute a public offense under the laws of the state of Utah.

Defendant has demurred to the petition for want of facts, at the same time answering, by denial, the allegations of the petition. It appears from the petition that the plaintiff, having theretofore been committed by a committing magistrate on the charge, is accused by information filed against him by the district attorney for Salt Lake county, on July 28, 1921, of having violated section 8235, Comp. Laws Utah 1917, in form and in the manner following to wit:

"That the said Hugh A. McMillin, at Salt Lake county, state of Utah, on the 23d day of November, 1920, being then and there a public officer, to wit, the duly appointed, qualified, and acting deputy treasurer of Salt Lake county, a corporation organized and existing under the laws of the state of Utah, and, by virtue of his being such deputy treasurer, being then and there charged with the receipt, safe-keeping, and the transfer of certain public money, to wit, the funds of said Salt Lake county, a corporation as aforesaid, did then and there willfully, unlawfully, and feloniously, and without authority of law, a certain portion of said fund, to wit, the sum of four hundred fifty-four and 70/100ths dollars ($454.70), lawful money of the United States of America, appropriate to his own use."

Said section 8235, which plaintiff stands accused of having violated, and for which information is filed against him, in part provides:

"Every officer of this state, or of any county * * * of this state, and every other person charged with the receipt, safe-keeping, transfer, or disbursement of public money, who * * * appropriates the same or any portion thereof to his own use, * * * is guilty of a felony."

It is vigorously contended by the plaintiff that he, as a deputy treasurer, was not an officer or ''other person charged with the receipt, safe-keeping or transfer'' of public money within the meaning of said section 8235; that the duty and responsibility of handling public money in the office of the county treasurer is confined exclusively to the county treas-

urer, and no such duty or responsibility is imposed by statute or otherwise upon the deputy. On the other hand, the district attorney contends that within the meaning of our statutes a deputy treasurer is a county officer who handles public money, and therefore is amenable to the provisions of section 8235 in cases of misappropriation of public funds.

Section 1451 of chapter 5, Comp. Laws Utah 1917, under the title "County Officers," provides:

"The officers of a county are: Three county commissioners, a county treasurer, a sheriff, a county clerk, a county auditor, a county recorder, a county attorney, a county surveyor, an assessor, a county superintendent of district schools, and such other officers as may be provided by law."

Section 1461 of the same chapter provides:

"Every county * * * officer, may, by and with the consent of the board of county commissioners, appoint as many deputies and assistants as may be necessary for the prompt and faithful discharge of the duties of his office. The appointment of a deputy must be made in writing, and filed in the office of the county clerk, and, until such appointment is so made and filed and until such deputy shall have taken the oath of office, no one shall be or act as such deputy. * * *"

Section 1462 of said chapter provides:

"Whenever the official name of any principal officer is used in any law conferring power or imposing duties or liabilities, it includes deputies."

Subdivision 17 of section 5848, Comp. Laws Utah 1917, with regard to the construction of our statutes in general, provides:

"The word 'sheriff,' 'county attorney,' * * * or other words used to denote an executive or ministerial officer may include any deputy or other person performing the duties of such officer, either generally or in special cases. * * *"

The plaintiff, in support of his contention that he may not be legally charged as a deputy treasurer with having violated section 8235, has cited the following cases: *United States* v. *Wiltberger,* 5 Wheat. 76, 5 L. Ed. 37; *State* v. *Meyers,* 56 Ohio St. 340, 47 N. E. 138; *United States* v *Hutchinson,* 4 Clark, 211, 7 Pa. Law J. 365, Fed. Cas. No. 15,432; *United States* v. *Smith,* 124 U. S. 525, 8 Sup. Ct. 595, 31 L. Ed. 534;

*State* v. *Denton*, 74 Md. 517, 22 Atl. 305; *Moore* v. *State*, 53 Neb. 831, 74 N. W. 322; *Hartnett* v. *State of Texas*, 56 Tex. Cr. R. 281, 119 S. W. 855, 23 L. R. A. (N. S.) 761, 133 Am. St. Rep. 971. These cases all hold that criminal statutes should not be so interpreted as to extend their terms by mere construction to apply to persons or things not clearly within their descriptive terms.

*State* v. *Meyers,* supra, was a case similar to the one we now have under consideration. In that case one John W. Meyers was charged, as a deputy county treasurer, with the embezzlement of public money, under the provisions of a statute which was practically the same as the one under which the plaintiff is here charged with having violated. The Ohio Supreme Court in the *Meyers Case* held that the provisions of the Ohio statute did not apply to a deputy county treasurer. In commenting upon the provisions of the statute before it the Ohio court said:

"It will be noticed that by its terms section 6841 is restricted in its application to persons who are 'charged with the collection, receipt, safe-keeping, transfer or disbursement of the public money. * * * From these provisions it seems reasonably certain that the persons who are subject to prosecution under section 6841 are those only who are charged by law with the performance of the duties, or some of them, therein mentioned."

The court then proceeds, after finding that under the Ohio statute a county treasurer is specifically charged with the duty of the receipt, safe-keeping and disbursement of public money, to say:

"But we have found no provision of law by which a deputy or clerk of a county treasurer is charged with the performance of any of the duties * * * enumerated. The law goes no further than to authorize the treasurer, at his pleasure, to appoint one or more deputies, who hold their appointment only during the pleasure of the principal, who is answerable for the proceedings and misconduct of the deputy, and may, for his own protection, take a bond with sureties for the faithful performance of the services required of the deputy; but the latter takes no oath of office, nor gives bond to any public authority, and is in no sense a public officer, but a mere agent of the treasurer, Mechem, Pub. Off. § 38. * * * There may be every reason why a deputy who misappropriates the public money should be punished to the same extent that a principal may be for

a like act; and, if he cannot be under other sections of statute, adequate legislation to that end should be provided."

All of the foregoing cases cited by the plaintiff seem to be of like import. The principles announced by them that criminal statutes should be held to apply in only those cases wherein the transactions complained of are clearly within their meaning and that as to persons the accused must belong to the class to which their provisions are clearly made to apply, we think is not only sound legal doctrine, but fully harmonious with our statutory rules of construction requiring criminal statutes to be so interpreted as to effect their objects and promote justice.

In the case before us we would hesitate in saying that the plaintiff, as a deputy county treasurer, is amenable to the provisions of section 8235, were it not for the further provisions of section 1462. By the latter section it is made to appear beyond any doubt that a deputy county treasurer, with respect to the handling of public money, has imposed upon him the same duties and liabilities as has the county treasurer. It is made the duty of the county treasurer to receive, safely keep, and disburse or transfer public money. No one disputes that, nor does any one question that corresponding liabilities follow. The deputy treasurer is by our statutes above quoted expressly charged with precisely the same duties and liabilities. It is conceded that, if the county treasurer feloniously misappropriated public money intrusted to his office, he may be legally prosecuted under the provisions of section 8235, because he is a county officer. If the same duties devolve upon his deputy, who before he may become such is required by law to take an official oath and provide a bond for the faithful discharge of his duties, then, of necessity, in contemplation of law, he is an officer of the county, charged with the receipt, safe-keeping and transfer of public money. *State* v. *Brooks,* 42 Tex. 62; *State* v. *Brandt,* 41 Iowa, 593; *Wells* v. *State,* 175 Ind. 380, 94 N. E. 321, Ann. Cas. 1913C, 86; Mechem, Public Officers, § 38, p. 13.

For the reasons stated, we think the plaintiff has failed

to show why he may not be legally prosecuted by reason of the information filed against him in the district court. It is therefore ordered that the writ of habeas corpus applied for herein be, and the same is, hereby denied the plaintiff. Let a copy hereof be appended to plaintiff's petition and the same be returned to him.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.