## Alma Fuchs, Appellee, v. Otto Weibert, Recorder of Deeds of St. Clair County, Appellant.

1. MASTER AND SERVANT—*burden on servant to show employment by the month.* In an action by an employee who was discharged on the second day of a month to recover salary for that month the burden was upon plaintiff to prove by a preponderance of the evidence that she was employed by the month.

2. MASTER AND SERVANT—*employment on monthly salary presumed to be at will.* An employment upon a monthly or annual salary, if no period is otherwise stated or proved for its continuance, is presumed to be a hiring at will, which either party may at any time terminate at his pleasure without liability for breach of contract.

3. OFFICERS—*presumption that one employed in county office is public officer.* Where a county board, by resolution, authorized the county recorder to appoint six deputies, fixing their salaries, and made no reference to the employment of clerks, the deputies being required to take the oath of office and perform all the duties of the recorder in his name, it is a fair inference that one employed in the office at the salary fixed by the board was appointed as a deputy recorder and was therefore, an appointive public officer.

4. OFFICERS—*term of deputy county recorder.* As neither the constitution. nor the statute fixes any definite time for which a deputy recorder is to be appointed the office is held at the pleasure of the appointing power and the incumbent may be removed at any time without creating a liability for salary for the balance of the month in which the removal occurs.

Appeal by defendant from the County Court of St. Clair county; the Hon. J. B. MESSICK, Judge, presiding. Heard in this court at the March term, 1924. Reversed and remanded. Opinion filed July 7, 1924.

W. R. WEBER, for appellant.

EUGENE W. KREITNER, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant was County Recorder and appellee his deputy at a salary of $105.00 per month which was fixed by the County Board. She was employed about January 1, 1921, and was dismissed on the morning of April 2, 1921. She brought this suit to recover salary for the month of April on the theory that she was employed by the month. There was a verdict and judgment in her favor for $105.00.

The burden of proving that appellee was hired by the month was upon her. She was required to prove that fact by a preponderance of the evidence. *Odell v. Chicago Great Western R. Co.,* 212 Ill. App. 616. She contends that she furnished such proof by showing that she was paid by the month and that the resolution of the County Board fixed a monthly salary. She testified: "He (appellant) said the salary for that office was $105.00 a month. The first month I was to receive $90.00, the next month $100.00 and the third month $105.00. I worked up to the second day of April, 1921. The last month I worked was March; received $105.00 for that month. Mr. Weibert, who hired me, paid me, discharged me April 2nd. I re-

ceived no money for the month of April." It clearly appears, therefore, from her testimony that nothing was said except as to the first, second and third months. The fourth month was April and that is the month for which she recovered.

There is a conflict in the decisions of other courts, but in this state it is well settled that an employment upon a monthly or annual salary, if no period is otherwise stated or proved for its continuance, is presumed to be a hiring at will, which either party may at any time determine at his pleasure without liability for breach of contract. *Pfund v. Zimmerman,* 29 Ill. 269; *Orr v. Ward,* 73 Ill. 318; *Davis v. Fidelity Fire Ins. Co.,* 208 Ill. 375; *Marquam v. Domestic Engineering Co.,* 210 Ill. App. 337; *Odell v. Chicago Great Western R. Co.,* 212 Ill. App. 616. That rule is supported by the great weight of the authorities, *Warden v. Hines,* 25 L. R. A. (N. S.) 529 note; *Resener v. Watts, Ritter & Co.,* 51 L. R. A. (N. S.) 629 note; *Moline Lumber Co. v. Harrison,* 11 A. L. R. 466 note.

A resolution of the County Board was admitted in evidence without objection. It authorized appellant to appoint six deputies and fixed their salaries by the month. It made no reference to the employment of clerks. The statute authorized appellant to appoint deputies who were required to take the oath of office and to perform any and all duties of the recorder in his name. Cahill's Ill. St. 1921, ch. 115, ¶¶ 4, 5, 6 and 7. It is a fair inference from the evidence that appellee was appointed a deputy recorder. If so, she was an appointive public officer.

An office is a public position, created by the constitution or law, continuing during the pleasure of the appointing power, or for a fixed time, with a successor selected or appointed. Illinois Const. Art. 5, sec. 24. The weight of authority is to the effect that a deputy is a public officer. 22 R. C. L. 583; *Wells v. State,* 175 Ind. 380, 94 N. E. 321; *McMillin v. Emery,*

59 Utah 553, 205 Pac. 898. Many of the authorities are cited in *Wells v. State, supra*. Neither the constitution nor the statute fixes any definite time for which a deputy recorder is to be appointed. That being true the office is held at the pleasure of the appointing power and the incumbent may be removed at any time. *Quernheim v. Asselmier*, 296 Ill. 494.

It is very evident, in any view of the case, that the judgment is contrary to the law and the evidence. It is, therefore, reversed and the cause remanded.

*Reversed and remanded.*