STATE OF NEBRASKA V. HARRY BOATMAN ET AL.

7 N. W. (2d) 159

FILED DECEMBER 23, 1942. No. 31455.

*Walter R. Johnson,* Attorney General, *Rush C. Clarke, James T. English* and *Paul J. Garrotto,* for plaintiff in error.

*Gross & Crawford, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is a proceeding by the county attorney for Douglas county, brought to this court with its consent, for a review of the record and to secure a reversal of the judgment of the district court.

The record discloses that on July 2, 1941, the county attorney for Douglas county filed an information in the district court, charging Harry Boatman, Henry Ploss and James Dugdale as employees of the county clerk for Douglas county with embezzling public money in the sum of $6,134. Defendant Dugdale moved for a separate trial and a separate trial was ordered. On January 6, 1942, defendants Boatman and Ploss demurred to the information, and on January 27, 1942, both demurrers were overruled. On February 2, 1942, defendant Dugdale demurred to the information and this demurrer was overruled the same day. Defendant Dugdale thereupon entered a plea of not guilty and the case proceeded to trial as to him. At the close of the state's case the trial court sustained a motion to direct a verdict in favor of defendant Dugdale. The record then discloses that defendants Boatman and Ploss moved for a dismissal as to them, which the court sustained. The county attorney thereupon presented a transcript of the proceedings and made application for permission to file such transcript for the purpose of obtaining a review under section 29-2314, Comp. St. 1929. The application was granted and the matter is now here for review.

No bill of exceptions has been filed. The presumption necessarily is that the sustaining of the motion for a directed verdict in favor of the defendant Dugdale was supported by the record. Defendant Dugdale having been once in jeopardy, this proceeding can have no effect as to him.

The attorney general urges, however, that the trial court committed error in sustaining the motion to dismiss as to the defendants Boatman and Ploss. The record shows that these defendants had not been arraigned nor placed on trial. It is fundamental that the trial court could not properly sustain the motions to dismiss as to these two defend-

ants on account of an insufficiency of the evidence to sustain a conviction because no trial had been had, nor evidence adduced as to them. Consequently, the only proper basis for sustaining the motions to dismiss was the insufficiency of the information to charge a crime under the statute. Was the trial court in error in holding the information insufficient?

The prosecution was commenced under section 28-550, Comp. St. 1929, which provides in part as follows: "(If) any officer or other person charged with the collection, receipt, safe-keeping, transfer or disbursement of the public money or any part thereof, belonging to the state or to any county * * * shall convert to his own use * * * any portion of the public money * * * such officer or person or persons shall be imprisoned in the penitentiary * * * ." The primary question is whether the defendants Boatman and Ploss, as employees of the county clerk for Douglas county, are officers or other persons within the purview of this statute. This involves the secondary question whether one must be charged *by law* with the collection of pubic money to come within the scope of the statute, or whether a person charged with the duty of so doing but who is not an officer or person charged by law with such duty may or may not properly be informed against as a violator of this section of the statute. It must be conceded that the defendants were not officers or persons charged by law with the collection and safe-keeping of public money. Is a defaulting employee charged with the duty of collecting and safeguarding public funds subject to prosecution under this section?

Our statute was apparently taken from a similar one adopted by the state of Ohio. It is contended that the interpretation given this statute by the supreme court of Ohio prior to its adoption in this state is the one to be followed. We quite agree that in construing a statute borrowed from a foreign state there is a presumption that the legislature adopted it with approval of all interpretations given it by the court of last resort of that state. An examination of

the Ohio statute and an analysis of the cases of that state with reference to it is therefore desirable.

The pertinent part of the Ohio statute is as follows: "Whoever being charged with the collection, receipt, safe-keeping, transfer or disbursement of the public money, or bequest, or any part thereof, belonging, to the state, or to any county * * * converts to his own use * * * any portion of the public money * * * shall be deemed guilty of embez-zlement * * * and shall be imprisoned in the penitentiary * * *." Ann. St. Ohio, 1897, sec. 6841.

Our attention is directed to the case of State v. Newton, 26 Ohio St. 265. The decision in this case was entered at the December, 1875, term of court, a date subsequent to the adoption of our statute (section 28-550, Comp. St. 1929) in 1873. In that case a county auditor was charged under the Ohio statute, hereinbefore quoted, with the crime of embezzlement. The court held that, as a county auditor had no lawful duty to collect and safeguard the public moneys of the state or county, he could not properly be prosecuted under the act. It must be borne in mind that the purpose of these acts is to define the elements constituting the embezzlement of public money by those charged with the collection and safeguarding of the same. The Newton case holds that an officer whose duties do not require him to collect and safeguard public money cannot be charged with embezzlement under this section. We find nothing in the case which controls the decision in the case at bar.

The case of Moore v. State, 53 Neb. 831, 74 N. W. 319, is one where a state auditor of public accounts was charged with embezzlement under the section of the statute involved in the case at bar. The court held that a crime was not charged in the information for the reason that the state auditor of public accounts was not an officer charged with the collection, receipt, safe-keeping, transfer, or disbursement of public money. In fact, it was demonstrated in that opinion that the law expressly forbade him to receive or handle it. While there are statements made in the opinion substantiating the position of the defendants, we do not

think they were directly involved or necessary to a decision of the case. In our opinion, the result in the case at bar is not controlled by the decision in the *Moore* case.

The case of *State v. Meyers,* 56 Ohio St. 340, 47 N. E. 138, is much more in point. While it was decided at the January, 1897, term of court and, consequently, subsequent to the adoption of the Nebraska statute, yet the reasoning therein contained applies directly to the case at bar. In holding that only officers and persons charged *by law* with the collection and safeguarding of public moneys could be informed against under the Ohio statute, the Ohio court took into consideration a second statute, section 7299, Ann. St. Ohio, 1897, which was held to have limited the class to which the statute applied to officers and persons charged *by law* with the collecting and safeguarding of public moneys. Such section provided:

"Any failure or refusal to pay over, or to produce, the public money, or any part thereof, by an officer, or other person charged with the collection, receipt, transfer, disbursement, or safe-keeping of the public money, or any part thereof, whether belonging to the state, or to any county, township, municipal corporation, or board of education in this state, or any other public money whatever, or to account to, or to make settlement with, any proper and legal authority, of the official accounts of such officer or person, shall be held and taken as *prima facie* evidence of the embezzlement thereof; and upon the trial of any such officer or person for the embezzlement of public money under section sixty-eight hundred and forty-one, it shall be sufficient evidence, for the purpose of showing a balance against him, to produce a transcript from the books of the auditor of state, or the auditor of the county, or the records of the commissioners of the county; and the refusal of any such officer or person, whether in or out of office, to pay any draft, order, or warrant drawn upon him by the proper officer, for any public money in his hands, no matter in what capacity the same was received or is held by him, or any refusal, by any person or public officer, to

pay over to his successor any public money or securities promptly, on the legal requirement of any authorized officer of the state or county, shall be taken on the trial of an indictment against him for embezzlement as *prima facie* evidence of such embezzlement."

It was stated in the opinion in the *Meyers* case that "it seems reasonably certain that the persons who are subject to prosecution under section 6841, are those only, who are charged by law with the performance of the duties, or some of them, therein mentioned. There are officers and persons to whom all these provisions of the statute aptly apply. * * * And the application of both sections, 6841 and 7299, to such officers and persons, is clear and indisputable. But we have found no provision of law by which a deputy, or a clerk of a county treasurer is charged with the performance of any of the duties above enumerated. * * * True, the statute confers authority on the deputy, during his appointment, to perform the duties of his principal; but that falls short of charging the former with the performance of the duties of the latter. * * * The former is charged by law with the duty of collecting and disbursing the public moneys, and the doing of all acts necessary thereto, as required by law; but the latter is not so charged with the performance of those duties. * * * But the language of section 6841, 'whoever being charged with the collection,' etc., 'of the public money,' etc., is descriptive of the persons who may be guilty of the offenses it punishes, and is therefore descriptive of the offense; and, under that fundamental rule of strict construction applicable to all penal laws, a statute defining a crime cannot be extended by construction to persons or things not within its descriptive terms though they may appear to be within the reason and spirit of the statute."

We agree with the Ohio court, when section 6841 is construed with section 7299, that the two acts could only apply to officers and persons charged *by law* with the collection and safeguarding of public moneys. The question then arises whether this court is justified in making the same interpretation. We think that it is.

Sections 6841 and 7299, Ann. St. Ohio, 1897, constituted a part of the same section of the same act when originally passed by the Ohio legislature. Laws, Ohio, 1858, p. 44, sec. 15. They remained a part of the same section of the Ohio statute at the time the legislature adopted our statute in 1873. And our statute, section 28-550, Comp. St. 1929, still contains the substance of sections 6841 and 7299 of the Ohio statute, the only changes being those necessary to make the statute comply with Nebraska conditions.

The latter part of section 28-550, which corresponds to section 7299 of the Ohio statute, provides that any failure to pay over the public money, or any failure to account therefor, shall be held and taken as *prima facie* evidence of embezzlement. This can apply only to an officer or person authorized *by law* to collect, safeguard and disburse the public moneys and can have no application to a clerk or employee. The statute also recites that the refusal of any such officer or person to pay any draft, order, or warrant, which may be drawn upon him by the proper officer, or any refusal to pay over to his successor promptly, shall be taken as *prima facie* evidence of embezzlement. Certainly, this can apply only to an officer or person authorized by law to collect, safeguard and disburse the public moneys. These provisions of the statute, as held by the Ohio court, clearly indicate the intent of the legislature to limit the class within the scope of the statute to such officers and persons charged *by law* with the collecting, safeguarding and disbursing of the public moneys of the political subdivisions named in the act. While it may appear that clerks and employees who handle public moneys are within the spirit of the act, the rule of strict construction applicable to all criminal statutes requires us to construe it strictly, and, if others were intended to fall within the scope of the act, it is a matter for legislative action and not judicial interpretation. After giving effect to the whole statute, and each part thereof, we conclude that clerks and employees not charged by law with the collection, receipt, safe-keeping, transfer or disbursement of the

public money cannot properly be informed against under the provisions of this statute.

We have examined the statutes, sections 33-131 and 33-132, Comp. St. 1929, providing for the appointment of assistants and clerks in the offices of the county clerks of this state, but we find nothing which imposes the statutory duty of the collection, receipt, safe-keeping, transfer or disbursement of the public money and they therefore can afford no support to the state's contention.

We have also examined the cases cited by the state which hold that a clerk or employee may be prosecuted under a statute providing that all public officers or persons charged with the safe-keeping of public money should be subjected to criminal penalty if the money was not safely kept. See *United States v. Hartwell,* 6 Wall. 385, 18 L. Ed. 830; *State v. Harrington,* 148 Kan. 602, 83 Pac. (2d) 659; *Commonwealth v. Bain,* 240 Ky. 752, 43 S. W. (2d) 10; *United States v. Bloomgart,* 24 Fed. Cas. 1180; *Lacy v. State,* 13 Ala. App. 212, 68 So. 706. But in those cases there are no provisions limiting the class within the act as exists in the Ohio and Nebraska statutes.

We necessarily come to the conclusion that only such officers and persons charged by law with the collection, receipt, safe-keeping, transfer or disbursement of the public money may be properly charged with crime under section 28-550. The trial court therefore did not err in dismissing the action as to the defendants Boatman and Ploss. The judgment of the district court is affirmed.

AFFIRMED.