STATE OF NEBRASKA, APPELLEE, v. DANNIE E. WILLIAMS,
APPELLANT.

198 N. W. 2d 187

Filed June 2, 1972. No. 38397.

Robert E. Paulick, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Defendant was charged, tried, and convicted of embezzlement under the provisions of section 28-543, R. R. S. 1943. Several assignments of error are made but they all relate to the question of whether or not the defendant is one of the class of persons within the purview of the above section of the statutes. The information charges the embezzlement was committed by the defendant "while charged with the collection, receipt, safekeeping and transfer of public money." The evidence shows the defendant was at the times pertinent herein a member of the police department of the city of Grand Island and that he had been assigned by his superior officer to the duty of collecting coins from parking meters. The evidence was clearly sufficient to support the finding made by the jury that he converted $74.58 to his own use.

The defendant's position is that section 28-543, R. R. S. 1943, pertains only to persons "charged by law" with the collection, receipt, safekeeping, transfer, or disbursement of the public money, and that he was not "charged by law" with such duties and therefore is not within the class of persons contemplated by this particular statute on embezzlement. We find the defendant's position is well taken, and the judgment of conviction must be reversed and the information dismissed.

This is not an area in which the law is obscure or difficult. It has long been clear that section 28-543, R. R. S. 1943, pertains only to persons upon whom *the law* has placed the duty of "collection, receipt, safekeeping, transfer or disbursement of the public money." This has been abundantly clear since at least 1942 when this court announced its decision in State v. Boatman, 142 Neb. 589, 7 N. W. 2d 159, 144 A. L. R. 585. In that case it was held that an employee in the office of the county clerk did not come within the statute although the county clerk would come within the statute. In that case this court analyzed the statute, the Ohio statute from which it was adapted, and the decisions of that state thereunder, and very clearly pointed out in what cases section 28-543, R. R. S. 1943, applies, citing State v. Meyers, 56 Ohio St. 340, 47 N. E. 138. We will not reiterate here this court's analysis but refer the reader to the opinion in the Boatman case.

We add, however, the following comments. The Nebraska Legislature has enacted several statutes on embezzlement, to wit, sections 28-538, 28-539, 28-540, 28-542, 28-543, 28-544, 28-545, 28-546, 28-547, and 28-548, R. R. S. 1943. Each defines a separate crime of embezzlement usually dependent upon one or more of the following factors: The person or organization from whom or from which the property is embezzled; the class of persons to which the person who does the embezzlement belongs; and in some cases upon what is embezzled. In addition, in some statutes certain acts

give rise to presumptive evidence, which presumptions do not exist under other statutes, and under some statutes felonious intent is an element of the crime and in others it is not. In short, there are significant differences in what must be charged and proved in each case. We set forth just a few of the specific differences. Under section 28-543, R. R. S. 1943, under which the defendant was charged, fraudulent intent is not an essential element of the offense. Haines v. State, 170 Neb. 304, 102 N. W. 2d 609. Under that same section the refusal of the person "to pay any draft, order or warrant which may be drawn upon him by the proper officer" is prima facie evidence of embezzlement. Under section 28-538, R. R. S. 1943, felonious intent is essential. Hamilton v. State, 46 Neb. 284, 64 N. W. 965; State v. Culver, 5 Neb. (Unoff.) 238, 97 N. W. 1015. Under section 28-540, R. R. S. 1943, the state must prove that a bailment existed. Yost v. State, 149 Neb. 584, 31 N. W. 2d 538. Under some of the embezzlement statutes different measures of punishment are applicable. This is true of section 28-543, R. R. S. 1943, where the possible term of imprisonment is 1 to 21 years and a monetary fine in the form of a judgment for twice the amount embezzled.

The State in its brief argues, citing an Indiana case: "It would be unthinkable to hold that only officers charged by law with the collection . . . could be guilty of embezzling public funds." It would be at least surprising if true. However, the evidence clearly would have supported a conviction under section 28-538, R. R. S. 1943, which applies among others to "employees" of any employer and "money . . . belonging to any other persons, body politic or corporate." It is the clear responsibility of prosecutors to examine the evidence, the statutes, and the cases and to make a proper determination of the charge which the evidence will support.

REVERSED AND DISMISSED.